**In the Matter of PYRAMID ENERGY, LTD., Debtor–Appellant,**

**v.**

**HEYL & PATTERSON, INC., Defendant–Appellee.**

**No. 88–1094.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 13, 1988.

Decided Feb. 27, 1989.

Jack L. Quarant, Quarant & Quarant, Elizabethtown, Ill., for debtor-appellant.

Jeffrey A. Goffinet, Caldwell, Troutt, Alexander, Quindry & Popit, Benton, Ill., for defendant-appellee.

Before BAUER, Chief Judge, and RIPPLE, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

After filing for Bankruptcy under Chapter 11, Pyramid Energy, Ltd. ("Pyramid") initiated an adversary proceeding in bankruptcy against Heyl & Patterson, Inc., ("Heyl"), seeking $20,000,000.00 in damages for breach of warranty or guarantee.[1] Some twenty-one months later, the bankruptcy court dismissed the complaint with prejudice after Pyramid repeatedly failed to file a proposed Pre–Trial Order and failed to be prepared to proceed with trial. The district court affirmed the decision of the bankruptcy court and Pyramid appeals. For the reasons stated below, we affirm.

## I.

Pyramid filed its three-count complaint in the adversary proceeding on June 5, 1985. On December 18, 1985 the bankruptcy court ordered the parties to file a proposed Pre–Trial Order on or before February 18, 1986. On that date, however, Pyramid's counsel requested a filing extension which the bankruptcy court granted. On February 21, 1986, the court granted the parties another extension until April 18, 1986. When both parties failed to file the proposed Pre–Trial Order by that date, the court entered, on May 5, 1986, an Order to Show Cause. Pyramid, by its attorney, Gerald Burke, appeared on May 20, 1986 to explain its failure to file, and the court dismissed the Order to Show Cause. The next day, the bankruptcy court granted a third extension until September 22, 1986. On October 2, 1986, the court entered its second Order to Show Cause since both parties again failed to submit the Pre–Trial Order by the due date.[2]

At the October 28, 1986 hearing on the second Order to Show Cause, the bankruptcy court explicitly warned the attorneys for both sides "that no further delays would be tolerated." In its subsequent written order of November 3, 1986, the court set January 8, 1987 as the new due date for the Final Pre–Trial Order, and re-set trial for February 3, 1987. The court reiterated in its written order that "the failure of the parties to submit the Order as directed would result in more severe sanctions being levied."

On January 8, 1987, Heyl submitted to the court its proposed Final Pre–Trial Order. At that time, counsel for Pyramid, unbeknownst to its officers, moved to withdraw as Pyramid's attorney and to substitute Edward Brennan[3] as the attorney for Pyramid. Although the court granted the motions, it reminded the attorneys that the substituted "counsel was expected to be" prepared for trial on February 3, 1987. The court then granted Pyramid, by its new counsel, an additional extension in which to file its Pre–Trial Order; the court set the filing date for January 23, 1987. On January 28, 1987, Pyramid, by its substituted counsel, requested an extension in which to file the Final Pre–Trial Order. Pyramid also sought a continuance of the trial date.[4] The record reflects that the

1. In its complaint, Pyramid alleged Heyl represented that the coal-processing plant it sold to Pyramid would perform at a certain level which it did not do, causing Pyramid to lose a valuable coal contract.

2. Sometime prior to this order, the bankruptcy court judge assigned to this case, Judge Trabue, left the bench. Judge Meyers was assigned Judge Trabue's docket, including this case.

3. Pyramid's law firm had split up by this time, and Brennan, a partner of that firm, subsequently formed the law firm of Brennan & Associates.

4. Although the record does not indicate that Brennan appeared for Pyramid on January 8, 1987, Brennan & Associates did request in writing an extension of time and a continuance. Therefore, the *Amicus Curiae* Brief incorrectly

court reluctantly granted Pyramid's counsel another 30 days, until February 27, 1987, to file the Final Pre–Trial Order, while the court re-set the trial date for March 5, 1987.

In early February, Pyramid, through its counsel, requested an additional extension for time and for a continuancy. On February 20, 1987, the bankruptcy court denied this request. On the date Pyramid's Final Pre–Trial Order was due, its substituted attorneys returned the entire case file and records to Pyramid. Thereafter, Pyramid's officers unsuccessfully contacted several attorneys in hopes of retaining them prior to the March 5, 1987 trial date. One lawyer did request to see the file, and the bankruptcy court judge indicated that he would "take a serious look at it" [a request for a continuance] if "something formal and some explanation" [for the delay] were submitted to him by that afternoon. Nothing was submitted.

On the March 5, 1987 trial date, Pyramid's president and vice-president appeared without counsel; they stated that Pyramid was not ready for trial and they asked for a continuance. Heyl, by its counsel, stated on the other hand that it was prepared for trial and objected to a continuance, submitting a Motion to Dismiss with prejudice for Pyramid's failure to comply with the court's pre-trial orders and failure to be prepared to proceed on the trial date.[5] In response, Pyramid's officers related to the court that initial delays were due to a change of judges on the court; the officers said they subsequently kept in constant contact with their attorneys to find out about the case and urged that it proceed, were unaware of the substitution of counsel until two weeks after the court granted the request, and had diligently tried to obtain counsel prior to trial. After concluding a careful review of the procedural history of the case, the court granted

Heyl's motion and dismissed Pyramid's complaint with prejudice.

Pyramid sought reconsideration of the order of dismissal, but the bankruptcy court denied this motion. Pyramid then appealed to the United States District Court. After reviewing the case history, briefs, and oral argument, the district court concluded that the bankruptcy court did not abuse its discretion in dismissing the action with prejudice, or in denying the motion to reconsider. Pyramid appeals the district court's decision affirming the bankruptcy court's orders of dismissal with prejudice and denial of reconsideration. Pyramid seeks reinstatement of the case for a trial on the merits.

## II.

Pyramid contends that the bankruptcy court abused its discretion in dismissing its complaint with prejudice because (1) Pyramid gave the court a sufficient excuse for its lack of prosecution and lack of readiness for trial; (2) the circumstances of the case required less drastic sanctions by the court; (3) the law prohibited Pyramid's officers from representing the corporation and therefore the fact that Pyramid's officers represented the corporation voided the court's proceeding. Finally, Pyramid argues, by virtue of the analogous sanction of default, that its meritorious cause of action, and the unusual and extreme circumstances of the case, required the court to vacate its order of dismissal on Pyramid's Motion for Reconsideration.

### A.

Under Rule 41(b) of the Federal Rules of Civil Procedure, as incorporated into adversary bankruptcy proceedings by Bankruptcy Rule 7041, the bankruptcy court is empowered to dismiss complaints where plaintiffs fail "to prosecute or to comply with these rules or any order of court...."[6]

---

states that no appearance was entered by that firm for Pyramid.

5. Although not apparent from the record or motion, it appears that this was a Motion to Dismiss under Fed.R.Civ.P. 41(b). *See infra,* note 6.

6. Fed.R.Civ.P. 41(b) provides:
   For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the court in its order for

This court has held that "[a] dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a *clear record of delay* or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corporation,* 721 F.2d 1067, 1069 (7th Cir.1983) (emphasis added). *See Schilling v. Walworth County Park & Planning Comm'n,* 805 F.2d 272, 275 (7th Cir.1986); *Beshear v. Weinzapfel,* 474 F.2d 127, 132 (7th Cir.1973).

■ On appeal, this court reviews an order of dismissal with prejudice under the narrow abuse-of-discretion standard. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *3 Penny Theater Corp. v. Plitt Theatres, Inc.,* 812 F.2d 337, 339 (7th Cir.1987); *Schilling,* 805 F.2d at 275. This standard is met only if "it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration." *3 Penny Theater Corp.,* 812 F.2d at 339 (quoting *Zaddack v. A.B. Dick Co.,* 773 F.2d 147, 150 (7th Cir.1985), which quoted *Locascio v. Teletype Corp.,* 694 F.2d 497, 499 (7th Cir.1982), *cert. denied,* 461 U.S. 906, 103 S.Ct. 1876, 76 L.Ed.2d 808 (1983)). In making this determination, we "must consider the procedural history of the case as well as the status of the case at the time of the dismissal." *Roland v. Salem Contract Carriers, Inc.,* 811 F.2d 1175, 1177 (7th Cir.1987).

■ We conclude that "(a) reasonable person could concur in the trial court's" decision based on this case's procedural history and status. That both parties' counsel were dilatory in complying with the court's orders does not excuse Pyramid's conduct. The bankruptcy court gave Pyramid a total of six extensions in which to file

the Final Pre–Trial Order, involving a delay of over a year while the court, and to a much lesser degree, Heyl, awaited Pyramid's compliance. Indeed, in October, 1987, the court warned counsel for both Heyl and Pyramid in a written order that "further delays would [not] be tolerated." Yet, on Pyramid's behalf, its substituted counsel requested, and the court subsequently allowed, two more extensions for filing; the court also granted Pyramid's request for a continuance.[7] To date, Pyramid has not filed its Pre–Trial Order. These facts represent exactly the kind of dilatory behavior courts should not tolerate or condone. *See Roland,* 811 F.2d at 1179.

■ Pyramid also argues that its inability to proceed with trial was due to its officers finding out, with very short notice, that its prior counsel withdrew without warning and its subsequent counsel quit without court permission. Pyramid argues that it should be excused for both its prior and substituted counsels' actions because those actions were not its own, but were the attorneys'. Contrary to Pyramid's contention, a court may dismiss an action with prejudice against a plaintiff for the actions of counsel. *Link,* 370 U.S. at 633 & n. 10, 82 S.Ct. at 1390 & n. 10; *Roland,* 811 F.2d at 1179; *Tolliver v. Northrop Corporation,* 786 F.2d 316, 319 (7th Cir.1986). As the bankruptcy court judge said in the proceeding on March 5, 1987, (Report of Proceedings, at 14–15): "[W]hen I look at this, your lawyer represented you. I don't see two people battling. I see one person. I see the lawyer representing you and making these representations."

■ Pyramid independently chose its counsel, and "a party who chooses his counsel freely should be bound by his counsel's actions."[8] *Deppe v. Tripp,* 863 F.2d

---

dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

7. Pyramid's substituted counsel (to the client's detriment) did not withdraw or even make an appearance on the date set for trial. It is not

exactly clear why Brennan & Associates did not appear. Whatever the reason, whether tactical (to gain a continuance) or otherwise, the bankruptcy court need not have tolerated this flagrant abuse of judicial time and resources.

8. The record from the March 5, 1987 proceeding indicates that the judge discussed briefly, and Pyramid's officers are aware of the fact, that they "may have legal recourse against" one or

1356, 1360 (7th Cir.1988). Otherwise, the court's power to control its docket, and compel attorneys to proceed within the time frame set by the court and not their own would erode and eventually disappear. *See Roland,* 811 F.2d at 1179. A trial court is entitled to say, under proper circumstances, that enough is enough, *Tolliver,* 786 F.2d at 319, and less severe sanctions than dismissal need not be imposed where the record of dilatory conduct is clear. *Cf. Patterson v. Coca-Cola Bottling Company,* 852 F.2d 280, 284 (7th Cir.1988).

■ Pyramid also makes the novel argument that because no attorneys appeared on its behalf, its officers who did appear could not represent the corporation; therefore, Pyramid's officers should have been granted their request for a continuance. Since the court dismissed the complaint instead of granting the continuance, Pyramid contends the officers' presence in court without counsel voided the court's proceedings. These arguments attempt to subvert the trial court's order, and add nothing to Pyramid's argument.

In each case, Pyramid ignores the fact that counsel represented it throughout the course of the litigation. In addition, Pyramid disregards the fact that its substituted counsel represented it in court when requesting filing extensions and continuances for trial, but failed to properly request withdrawal from the court. True, attorneys must represent corporations in court. *Lewis v. Lenc-Smith Manufacturing Company,* 784 F.2d 829, 830 & n. 4 (7th Cir.1986). But when attorneys do not appear for trial, and have not requested withdrawal from the court, it is *that* failure to appear, among other things, that allows a court to dismiss actions, and those actions are not void, despite the legal character of the party in interest, i.e., a corporation. *See Link,* 370 U.S. at 633, 82 S.Ct. at 1390.

■ On public policy grounds, Pyramid draws an analogy between dismissals and default orders under Fed.R.Civ.P. 41(b) and 55(c), respectively. Pyramid asserts that both sets of attorneys. *See Roland,* 811 F.2d at

courts reviewing default judgments take into consideration whether the defaulting party has a meritorious cause of action, citing *Beshear,* 474 F.2d 127, *quoting Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242 (3d Cir.1951). But this analogy disregards the fact that this court has extensively considered dismissals with prejudice under Fed.R.Civ.P. 41(b). *See Roland,* 811 F.2d 1175 and *Tolliver,* 786 F.2d 316. Under these decisions, this court need not consider the meritorious nature of a case when it is apparent that a party "in default" has consistently failed to comply with a court's orders. *Roland,* 811 F.2d at 1179; *Tolliver,* 786 F.2d at 318–19.

Furthermore, as pointed out by defense counsel, Pyramid is only attempting to avoid, by way of excuse, the sanction imposed by the court for Pyramid's own failure to prosecute the case in a timely and proper manner. Under the facts presented, we conclude that these arguments are unavailing.

**B.**

■ Finally, Pyramid argues that the bankruptcy court abused its discretion in denying its Motion to Reconsider because Pyramid had a meritorious cause of action, which it supported with affidavits. Federal Rule 60(b) allows a court to vacate its order within a reasonable time for circumstances where such things as mistake, inadvertence, surprise, or excusable neglect, are found. Pyramid contends that its prior and substituted counsel caused the circumstances preceding and on the date set for trial; it argues these circumstances constitute both surprise and excusable neglect such that the bankruptcy court abused its discretion in not vacating its order which dismissed Pyramid's complaint.

Generally, although a potentially meritorious cause of action assists a request for relief under Rule 60(b), "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.,* 560 F.2d 805 (7th Cir.1977). Courts should

1180.

not reinstate cases unless "in the exceptional circumstance where the events ... have not been within the meaningful control of the defaulting party, or its attorney." *Tolliver*, 786 F.2d at 318 (quoting *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984)). The course of the litigation was well within Pyramid's or its attorneys' control up until the date set for trial. Furthermore, at the time it moved for reconsideration, Pyramid still had not complied with the bankruptcy court's order requesting submission of the Final Pre-Trial Order. "To reinstate a case in which the party remains in default is to abandon all hope of both general and specific deterrence, that is, to warn people who are not parties to the case." *Tolliver*, 786 F.2d at 319.

In addition, Pyramid gave no explanation "which would justify its [attorney's] neglect." *Ben Sager Chemicals Int'l, Inc.*, 560 F.2d at 809. *But cf. Anilina Fabrique de Colorants v. Aakash Chemicals*, 856 F.2d 873 (7th Cir.1988) (appellate court vacated order of default due to trial court's abuse of discretion in not concluding plaintiff had adequately claimed excusable neglect). Under all the circumstances, we determine that the district court was correct and the bankruptcy court did not err in denying Pyramid's Motion for Reconsideration.

### C.

In sum, we conclude, as did the district court, that the bankruptcy court did not abuse its discretion in dismissing the complaint or in refusing to reconsider reinstating the case. Therefore, the district court's decision affirming the bankruptcy court's orders, i.e., the dismissal with prejudice and the denial of the Motion for Reconsideration, is

AFFIRMED.