908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alma RUSSELL, Plaintiff-Appellant,
v.
James O'GRADY, in his official capacity as Sheriff of Cook
County, Defendant-Appellee.
 No. 89-1709.
 United States Court of Appeals, Seventh Circuit.
 Argued June 19, 1990.
Decided July 27, 1990.
 
 Before COFFEY and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 The district court dismissed Alma Russell's case for want of prosecution. In an attempt to get her case reinstated, Ms. Russell filed two motions to vacate and a subsequent motion to reconsider. The district court denied these motions, and Ms. Russell appeals. We affirm.
 
 
 2
 * FACTS AND PROCEDURAL HISTORY
 
 
 3
 On August 8, 1986, Alma Russell through her attorney, Vincent Wagner, filed a complaint naming the Cook County Sheriff's Department and alleging age and race discrimination. Wagner withdrew as counsel, and T. Lee Boyd, Jr., filed his appearance on behalf of Ms. Russell on November 30, 1987. Both parties failed to appear at three status hearings on December 1, 1987, February 2, 1988, and May 17, 1988, before a magistrate to whom the case had been assigned for pretrial proceedings. On March 1, 1988, the case was reassigned to another district judge. At a conference on June 27, 1988, counsel advised the court that he was preparing a fourth amended complaint, and the court directed the parties to submit the final pretrial order at the next conference scheduled for August 4, 1988. Counsel never submitted the amended complaint or final pretrial order and did not appear for the August 4th conference. Noting this failure, as well as counsel's failure to appear at the status hearings, the district court dismissed the cause for want of prosecution.
 
 
 4
 On September 28, 1988, Ms. Russell filed a motion to vacate the dismissal. The court denied it noting: "A motion to vacate the dismissal order shall not be considered unless plaintiff first presents the pretrial order as directed by the court three months ago." R. 71. On January 11, 1989, Ms. Russell filed a second motion to vacate and, two weeks later, submitted the pretrial order. On February 3, 1989, the district court entered an order denying Ms. Russell's second motion to vacate.
 
 
 5
 On February 10, 1989, Ms. Russell served a motion to reconsider the denial of the second motion to vacate. Because this motion to reconsider was a timely Rule 59(e) motion, the time for appeal of the denial of the motion to vacate, a Rule 60(b) motion, see Inryco, Inc. v. Metropolitan Eng'g Co., 708 F.2d 1225, 1232 (7th Cir.), cert. denied, 464 U.S. 937 (1983), did not begin to run until March 8, 1989--the date the order denying the motion to reconsider was entered. Ms. Russell filed her notice of appeal on April 4, 1989. Thus, the denial of the motion to vacate is properly before the court.
 
 II
 ANALYSIS
 
 6
 We must decide whether the district court abused its discretion when it denied Ms. Russell's Rule 60(b) motion to vacate the order dismissing her cause for want of prosecution. See Reinsurance Co. of America v. Administratia Asigurarilor de Stat, 902 F.2d 1275, 1277 (7th Cir.1990). Relief under Rule 60(b) is an extraordinary remedy reserved for exceptional circumstances. See id. A default or dismissal may be set aside under Rule 60(b) where the moving party acts with reasonable promptness, alleges a meritorious defense or colorable claim and where the default or dismissal is not the result of willful disregard of the court's orders or procedures. See Inryco, 708 F.2d at 1229-30 (addressing these considerations in context of default judgment). What constitutes a "reasonable time" for the filing of a Rule 60(b) motion " 'depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties.' " Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir.1986) (quoting Ashford v. Stewart, 657 F.2d 1053, 1055 (9th Cir.1981)).
 
 
 7
 The district court found that Ms. Russell did not act promptly to vacate the dismissal. It took nearly six months after the dismissal to satisfy the condition that she first file a pretrial order. Even though counsel knew that the pretrial order was due August 4, 1988, he did not prepare the order so that it could be submitted with the first motion to vacate. Upon denial of the first motion to vacate, the court advised Ms. Russell that she would have to submit the pretrial order before it would consider such a motion. This was well within the court's discretion. See Daniels v. Brennan, 887 F.2d 783, 789 (7th Cir.1989) ("[A] district court may impose reasonable conditions for setting aside a dismissal for want of prosecution."). On January 11, 1989, Ms. Russell filed the second motion to vacate, but still did not file the pretrial order. Not until two weeks later, after the court again ordered counsel to submit the order, was it fully submitted. Ms. Russell argues that it took defendant several weeks to assist in the preparation of the pretrial order. However, this consideration does not account for the other five months of delay. In short, this case does not present the exceptional circumstance where it can be said that the course of the litigation was beyond counsel's meaningful control. All counsel had to do was promptly file a motion to vacate and a pretrial order. See Pyramid Energy, Ltd. v. Heyl & Patterson, Inc., 869 F.2d 1058, 1062-63 (7th Cir.1989) (denial of 60(b) motion was not error where counsel had yet to comply with order to submit pre-trial order).
 
 
 8
 In arguing the motion to vacate, counsel explained to the district court that he missed the status hearings and pretrial conference not because of any willful disregard of the court's orders, but because he never received notice that the case had been assigned to a magistrate or of the dates of the hearings or a written confirmation of the June 24, 1988 pretrial conference. In its order, the district court responded that it was counsel's responsibility to notify the clerk's office if copies of orders were not mailed to him, but did not resolve this issue further. Although it would have been preferable for the district court to resolve the issue of notice more definitively, our examination of the record convinces us that this issue was, in any event, not outcome determinative in the district court's decision to deny the motions to vacate. Counsel's failure to file the fourth amended complaint or pretrial order on August 4th (counsel was present at the June 24, 1988 conference and had actual notice that the pretrial order was due in August), and the subsequent delay in filing it in conjunction with either motion to vacate provides sufficient justification for the district court's dismissal and subsequent denial of the motions to vacate.
 
 
 9
 Counsel also argues that he was involved in another matter on August 4, 1988, and sent an associate in his stead. The district court noted that counsel did not notify the court of the conflict, nor did he request that the conference be rescheduled. Counsel's associate did not appear at the time the conference was scheduled, but rather appeared in chambers sometime later. By then, the conference had been cancelled, and the cause dismissed. Counsel's failure to attend to the plaintiff's litigation due to his involvement in another matter is not excusable neglect. See Kagan, 795 F.2d at 609. He has never explained why the pretrial order was not submitted as ordered on August 4, 1988. His actions are examples of the sort of carelessness that does not provide a ground for relief under Rule 60(b). See id. at 607.[1]
 
 III
 CONCLUSION
 
 10
 Given our highly deferential standard of review, we cannot conclude that the district court abused its discretion in denying plaintiff's motion to vacate. Accordingly, the order of the district court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 In her reply brief, Ms. Russell argues that the district court abused its discretion in considering the merits of the case and, without a hearing, the prejudice to the parties that would be caused by reinstatement. We do not consider matters first raised in the reply brief. See Wilson v. O'Leary, 895 F.2d 378, 384 (7th Cir.1990); see also United States v. Lewis, 896 F.2d 246, 249 n. 1 (7th Cir.1990). In any event, on this record, we can find no abuse of discretion on the part of the district court