962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Yvonne POINDEXTER, Plaintiff-Appellant,
v.
VILLAGE OF BELLWOOD Defendant-Appellee.
 No. 91-1282.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 16, 1992.
Decided April 28, 1992.
 
 Before BAUER, Chief Judge, KANNE, Circuit Judge and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 On October 12, 1990, Yvonne Poindexter filed suit against the City of Bellwood for alleged employment discrimination. Her counsel attended the first two status hearings held in November, 1990. During the second hearing, the district court set a third status date of January 2, 1991, for the purpose of reporting discovery and settlement possibilities. Shortly thereafter, on December 31, 1990, the City's counsel filed a motion to dismiss and an alternative motion for summary judgment; the motions were placed on the call for January 3, 1991.
 
 
 2
 Poindexter's counsel failed to appear at both the January 2 status hearing and the January 3 motion call. After reviewing the case, the district court concluded as follows:
 
 
 3
 ... because he has failed to appear twice, both with adequate notice, I'm going to dismiss his case for want of prosecution, and I want it quite clear that if he comes in here and purges this situation with adequate notice to you, with an answer to your motion, preparation for a briefing schedule, and all of the other things that we would expect of him yesterday or today, I'll be glad to vacate that order.
 
 
 4
 Judgment was entered accordingly.
 
 
 5
 Poindexter never filed a motion to vacate or request for any relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b). She does, however, appeal from the judgment of the district court dismissing her case, arguing that the court abused its discretion by basing the dismissal on her counsel's first failure to appear at a status hearing.
 
 
 6
 Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court is empowered to dismiss complaints where a plaintiff fails "to prosecute or to comply with these rules or any order of the court...." However, "[a] dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Pyramid Energy, Ltd. v. Heyl & Patterson, Inc., 869 F.2d 1058, 1061 (7th Cir.1989) ( quoting Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cir.1983)). See also Schilling v. Walworth County Park & Planning Comm'n, 805 F.2d 272, 275 (7th Cir.1986); Beshear v. Weinzapfel, 474 F.2d 127, 132 (7th Cir.1973).
 
 
 7
 We review an order of dismissal with prejudice under a narrow abuse of discretion standard. Link v. Wabash Railroad Co., 370 U.S. 626, 633, 82 S.Ct. 1386, 1390 (1962); Pyramid Energy, 869 F.2d at 1061; 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 339 (7th Cir.1987). No abuse of discretion will be found unless "it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration." 3 Penny Theater Corp., 812 F.2d at 339 ( quoting Zaddack v. A.B. Dick Co., 773 F.2d 147, 150 (7th Cir.1985). In so deciding, we "must consider the procedural history of the case as well as the status of the case at the time of the dismissal." Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1177 (7th Cir.1987).
 
 
 8
 After reviewing the this case's procedural history and status, the following salient features stand out. This case had been before the district court less than ninety days before its dismissal. There had been no prior record of delay or contumacious behavior on the part of Poindexter's counsel. However, there was an indication that the district court considered imposing sanctions less drastic than dismissal if Poindexter had sought reinstatement. In short, dismissal of Poindexter's complaint was altogether premature.
 
 
 9
 By the same token, we do not mean to suggest that the behavior of Poindexter's counsel is necessarily excusable. Counsel was certainly aware of the date of the third status hearing, and he should have made efforts to contact the court when he knew he would be absent on account of illness. However, whether Poindexter's counsel was in fact ill and consequently failed receive notice of the motion call is not clearly established by the record. We therefore hold that the district court abused its discretion in dismissing Poindexter's complaint for want of prosecution.
 
 
 10
 The judgment of dismissal is VACATED, and this case is REMANDED for reinstatement on the docket of the district court.