989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Zinovy V. REYTBLATT, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-1029.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1993.
Decided March 10, 1993.[1]
 
 Appeal from the District Court for Northern District of Illinois, Eastern Division, No. 86 C 385, Charles P. Kocoras, Judge.
 
 ORDER
 
 1
 Plaintiff challenges the district court's dismissal of his suit for failure to prosecute, Fed.R.Civ.P. 41(b), contending that the district court erred on the basis that it was "biased in favor of defendant." We affirm.
 
 BACKGROUND
 
 2
 We need not detail the prolonged history of the district court's considerable efforts to bring this suit's pretrial status to a close over the past five years. It is enough to note the following: In January 1986, plaintiff filed the suit,[2] which basically alleges that defendant[3] misappropriated plaintiff's Integrated Leak Rate Testing Methodology, which was designed to assure that leakage of radioactive materials from nuclear power plant containment systems was within legal limits.
 
 
 3
 In January 1988, Judge McGarr ordered all document production closed, noting in his opinion that the case was "a two-year orgy of contentious discovery, with no perceptible progress towards resolution of the issues." Judge McGarr also detailed plaintiff's unjustified, arbitrary requests to depose various NRC personnel, and granted the defendant's motion for a protective order requiring plaintiff to retain counsel to conduct the depositions.
 
 
 4
 In August 1988, Judge Kocoras ordered document discovery closed for all purposes, finding that there had been "ample opportunity as well as an abundance of documents apparently disclosed prior to my getting into the case and we do not need to revisit that."
 
 
 5
 In October 1989, Magistrate Judge Rosemond sanctioned plaintiff for his "contumacious disregard to the discovery orders" of the district judges after plaintiff improperly attempted to conduct a pro se deposition of an NRC employee. At various times in 1989 and 1990, plaintiff was ordered to conduct certain depositions he had requested, by certain dates. Each time, plaintiff chose not to take the depositions.
 
 
 6
 In October 1990, Judge Kocoras ruled that all discovery was closed. In January 1991, however, at plaintiff's request, the court permitted plaintiff to depose two people by a certain date. Plaintiff again chose not to take the depositions. In May 1991, defendant filed a proposed pretrial order pursuant to local rule 5.00. Plaintiff had declined to confer with defendant about the order, or to submit a draft. Nevertheless, on May 29, 1991, plaintiff's motion for leave to file a belated proposed pretrial order was granted.
 
 
 7
 In October 24, 1991, plaintiff argued that a pretrial order should not be entered, and a trial date should not be set until more depositions could be taken. The court ordered plaintiff to file a proposed pretrial order within 30 days. The court instructed the court clerk to provide plaintiff with the correct pretrial order form. The court warned: "If you fail to submit the pretrial order by [November 26, 1991], I am going to dismiss your case with prejudice."
 
 
 8
 On November 5, 1991, plaintiff again asked the district court for additional discovery, including interrogatories, production of documents and depositions. The court noted that discovery had been closed for some time, and again warned: "[M]y prior order will stand, both in terms of deadlines for the submission of the pretrial order and the trial date."
 
 
 9
 On November 25, 1991, plaintiff appeared in court and requested the judge's recusal. The court denied the motion, repeating the warning that all previously ordered deadlines were still in force. On December 12, 1991, the court granted defendant's motion to dismiss the case with prejudice.
 
 
 10
 On December 19, 1991, the court denied plaintiff's motion to reconsider the dismissal order. Plaintiff again argued that he was not prepared to file a proposed pretrial order until he received the additional discovery. On December 23, 1991, the district court denied plaintiff's motion for additional findings of fact. On January 3, 1992, plaintiff filed a timely notice of appeal.
 
 DISCUSSION
 
 11
 Plaintiff contends on appeal that the district court was biased in favor of defendant. We find nothing in the record that would indicate any bias, or any abuse of discretion. Under Federal Rule of Civil Procedure 41(b), the district court may dismiss a case for failure to prosecute or failure to comply with court rules or orders. Fed.R.Civ.P. 41(b). That decision will not be disturbed absent an abuse of discretion. Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir.1989); Patterson v. Coca-Cola Bottling Co., 852 F.2d 280, 283 (7th Cir.1988).
 
 
 12
 Under local rule 5.00 of the district court, parties to a civil case must jointly file a proposed final pretrial order. For five years, the district court made every effort to accommodate plaintiff's discovery requests, and to allow for plaintiff's intermittent pro se status. Discovery was closed, and then re-opened for plaintiff's benefit several times. Plaintiff rarely took advantage of those second, third or fourth opportunities to seek the requested discovery or take the requested depositions. The court went to great lengths to explain the consequences of violating court orders, repeatedly warning plaintiff that if he did not file a pretrial order (permitting him to forego the requirement that he confer with defendant and file a joint order), the case would be dismissed with prejudice. Even after the dismissal of the case, plaintiff refused to file a pretrial order, instead continuing to demand additional discovery.
 
 
 13
 We acknowledge that the pleadings of pro se litigants should be construed liberally. Even with that liberal construction, however, we cannot say the district court abused its discretion in dismissing this case. The record reveals plaintiff's repeated disregard for court orders and related contumacious conduct. "A trial court is entitled to say, under proper circumstances, that enough is enough, and less severe sanctions than dismissal need not be imposed where the record of dilatory conduct is clear." Daniels v. Brennan, 887 F.2d at 788, quoting Pyramid Energy, Ltd. v. Heyl & Patterson, Inc., 869 F.2d 1058, 1062 (7th Cir.1989).
 
 
 14
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 Plaintiff, a college professor of mathematics, appeared pro se intermittently, and was also represented by five different attorneys at various times throughout the pretrial litigation. Plaintiff appears pro se in this court
 
 
 [3]
 In April 1986, plaintiff filed an amended complaint naming the United States as the only defendant