991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Angelle OVIGYAN, Plaintiff-Appellant,
v.
CITY OF BELLEVILLE, a Municipal Corporation, and John Klee,
Defendants-Appellees.
 No. 92-1727.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 30, 1993.*
Decided April 7, 1993.
 
 Before BAUER, Chief Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 The district court number in this case designates 1988 as the date of filing and speaks to the nature of the issue we consider on appeal. Angelle Ovigyan's civil rights suit against police officer John Klee and the City of Belleville languished on the docket for three and a half years before the district court judge lost patience with Ovigyan's failure to prosecute and to comply with court orders. In short order the court dismissed Klee from the case, then Belleville and the complaint itself. Fed.R.Civ.P. 41(b). Ovigyan appeals from the district court's denial of her motion to vacate the dismissal.
 
 
 2
 We have reviewed but need not recount in minute detail the tortuous chronology of the case as it inched its way toward dismissal. Before granting the defendants' motions, Chief Judge Stiehl liberally and regularly granted a series of extensions to Ovigyan. All told she accumulated 64 days to comply with discovery requests; 100 days to obtain new counsel; and 60 days to amend her complaint against Klee. As months and even years passed by, Ovigyan went through several attorneys and for some time proceeded, so to speak, pro se. But ultimately she ignored the court's orders both to amend the complaint and to comply with discovery requests. These two events--nonevents, really--precipitated dismissal.[1]
 
 
 3
 Dismissal for lack of prosecution or failure to comply with a court order is appropriate where there is a "clear record of delay or contumacious behavior." Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir.1989) (quoting Zadack v. A.B. Dick Co., 773 F.2d 147, 150 (7th Cir.1985)). We will reverse only if the district court has abused its discretion either by committing an error of law, United States v. Barber, 881 F.2d 345, 349 (7th Cir.1989), cert. denied, 495 U.S. 922 (1990), or by exceeding the "permissible bounds of judgment." American Hospital Supply v. Hospital Products, Ltd., 780 F.2d 589, 594 (7th Cir.1986). In determining whether the district court had a legitimate basis to dismiss for failure to prosecute, we consider the procedural history of the case and its status at the time of dismissal. Lockhart v. Sullivan, 925 F.2d 214, 218 (7th Cir.1991).
 
 
 4
 In light of Ovigyan's stalling and stonewalling, the district court did not abuse its discretion. We say "Ovigyan" with reason. Parties to lawsuits who freely choose their lawyers are bound by counsels' actions and inactions. Deppe v. Tripp, 863 F.2d 1356, 1360 (7th Cir.1988). Time and again we have rejected the argument that lawsuits should not be dismissed if blame for delays or shirking responsibility should go to lawyers rather than to parties themselves. See, e.g., Daniels, 887 F.2d at 788 (client's remedy is malpractice suit); Pyramid Energy, Ltd. v. Heyl & Patterson, Inc., 869 F.2d 1058, 1062 (7th Cir.1989) (court can say "enough is enough"). Rule 41(b) authorizes the district court to dismiss a case regardless of whether a lawyer or a pro se party bears the responsibility for failure to prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962). Accord Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir.1986) (excusing counsel's neglect removes incentives that promote judicial economy).
 
 
 5
 To the extent that Ovigyan suggests that counsel bear the responsibility for ignoring the court's orders and holding up progress, dismissal was entirely appropriate under these circumstances. That she may at times have been ill is irrelevant, as are allusions in her briefs to bankrupt lawyers absconding with her medical records. At the time of her failure to comply with the outstanding orders--the principal if not ultimate reason for dismissal--Ovigyan was represented by at least two lawyers of her choosing. We are equally unpersuaded by Ovigyan's speculations about the motion for continuance that her attorney supposedly mailed to the court. In her reply brief Ovigyan presumes that the court, in a gesture of infinite patience, surely would have granted her request: "had Mr. Warren's continuance motion not miscarried, the case would have been reached for trial on the merits August 3, 1992." Appellant's Reply Brief, filed Nov. 5, 1992, at 7. Even if Warren ever filed such a motion, Ovigyan's amended complaint and responses to discovery requests were long overdue by November 22, 1991. And it was hardly a given that a request for a continuance on that late date--eighteen days after the court's latest extension--automatically would have resulted in still another reprieve.
 
 
 6
 Ovigyan also suggests that the district court should have imposed a sanction short of dismissal. Harsh as involuntary dismissal may be, the district court is under no obligation to seek out less severe sanctions when, as here, a party persistently has refused to follow court orders. Daniels, 887 F.2d at 788; Patterson v. Coca-Cola Bottling Co., 852 F.2d 280, 284 (7th Cir.1988). A district court judge need not first fire a warning shot. Hal Commodity Cycles Management. Co. v. Kirsh, 825 F.2d 1136, 1139 (7th Cir.1987). See also Pyramid, 869 F.2d at 1062. Even so, Ovigyan should have picked up on warnings given by Chief Judge Stiehl all along: He extended every effort to accommodate her repeated requests for extensions to file pleadings, find lawyers, and follow court orders. And, in his discretion on at least two occasions, he did impose "lesser sanctions". Ovigyan and her lawyers should have expected that continued indifference to the district court's orders might result in dismissal. Their ongoing inability or refusal to amend the complaint and comply with discovery orders proved too much.
 
 
 7
 The judgment of the district court is AFFIRMED and the appellees' motion to strike portions of the reply brief is DENIED AS MOOT.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. Although the City of Belleville filed a "Statement as to Need of Oral Argument", see Fed.R.App.P. 34(a) and Circuit Rule 34(f), our review of the statement, briefs, and record suggests that oral argument is unnecessary. Accordingly, we consider this appeal on the basis of the briefs and the record
 
 
 [1]
 The court on March 29, 1991 gave Ovigyan 30 days to file a second amended complaint. By July 2, 1991, Ovigyan had disregarded that order, and the court granted Klee's motion to dismiss. At Ovigyan's urging the court reinstated Klee on July 31, 1991 and granted her an additional 30 days in which to file a second amended complaint. The clerk of the court admitted pro hac vice Joseph E. Cordell and Lawrence W. Barker--Ovigyan's fourth and fifth lawyers--on October 23, 1991. On December 12, 1991, Klee filed a motion to dismiss due to Ovigyan's failure to comply with his discovery requests and for her repeated failures to file an amended complaint. The court granted the motion on January 2, 1992. Cordell and Barker filed no pleadings between October 23, 1991 and February 14, 1992, when they filed a motion to vacate the dismissal. In that motion Cordell alleged that one Gerald Warren had mailed a document to the clerk of the district court on November 22, 1991 in which he had entered an appearance as co-counsel and requested a 60-day continuance of the case. The district court noted in the order from which Ovigyan appeals that neither she nor her lawyers filed any motions for continuance after October 4, 1991
 Ovigyan's failure to comply with Belleville's requests for discovery shows a similar pattern of neglect. Despite receiving at least five continuances in a two-year period, Ovigyan never complied with Belleville's repeated discovery requests. On August 14, 1991, Belleville filed its third motion to compel. The district court subsequently permitted Ovigyan two additional extensions to comply--a total of 50 days. When Ovigyan again neglected to follow the orders of the court, Belleville filed a motion to dismiss. The court granted the motion on February 6, 1992.