**DYOTHERM CORPORATION**

v.

**TURBO MACHINE COMPANY.**

Civ. A. No. 31984.

United States District Court
E. D. Pennsylvania.

Jan. 3, 1966.

See also D.C., 233 F.Supp. 119.

John B. Brumbelow, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., Clive S. Cummis, Michael B. Tischman, Steven S. Radin, Schiff, Cummis & Kent, Newark, N. J., of counsel, for plaintiff.

Henry N. Paul, Jr., Robert B. Frailey, Paul & Paul, Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The issues raised by these motions stem from a contract entered into between the parties to this suit [1] on July 25, 1957, the purpose of which was to settle a then pending action in which Dyotherm had sued Turbo, accusing the latter, in effect, of stealing its inventive ideas and development work. As a part of the settlement agreement, Dyothern licensed Turbo to manufacture and sell in North America, South America, and Japan machines for finishing women's hosiery covered by four identified patent applications, two of which eventuated in patents, the other two being subsequently abandoned.

Sometime after the settlement and dismissal of that suit, Dyotherm brought the present action alleging, among other things, breach by Turbo of the settlement agreement by selling its machines in countries other than those for which it had been licensed. Turbo filed an answer denying the charges of the complaint and, some two years after the institution of the suit, filed an amended answer in which it averred that its machines do not incorporate the inventions of the licensed patents. With the amended answer Turbo filed a counterclaim which asked for a declaratory judgment that none of the machines manufactured by it incorporated the inventions embodied in the claims, issued patents, or the abandoned applications.

Although the defendant's amended answer with the counterclaim was filed in February 1965, the plaintiff has filed no reply. The defendant's motion for judgment on the counterclaim is based upon Rules 7(a) and 8(b) and (d).

The plaintiff does not suggest that its failure to reply to the counterclaim is due to inadvertence, or even negligence. The plaintiff's counsel stated his reasons in open court as follows:

"* * * we feel that this is not a patent case * * * and therefore, a counterclaim to the question of patents we feel is totally irrelevant to the matter

1. Grant H. and Harry E. Brewin were also parties to the contract, but their presence does not in any way affect the matters now before the court for disposition and may be disregarded.

under consideration * * * Therefore, we felt that we never had to answer that counterclaim * * * and that is the position of the plaintiff on that matter."

Whatever this statement may mean, the plaintiff now bases its justification for failing to reply to the counterclaim upon a principle stated by the District Court of Alaska in Flynn v. Vevelstad, 119 F.Supp. 93, 97, 14 Alaska 93, affirmed 9 Cir., 230 F.2d 695, 16 Alaska 83, as follows: "The * * * allegations are merely denials in affirmative form of the allegations of the complaint. Obviously, by incorporating such allegations into what is denominated a defense and counterclaim, the defendant may not compel the plaintiff to repeat, in negative form in a reply, the allegations of his complaint * * *." My attention has not been called to any other decision to the same effect.

■ However broad this principle may be, it has not been applied in suits for patent infringement where counterclaims for noninfringement have been filed. Peters & Russell, Inc. v. Dorfman, 7 Cir., 188 F.2d 711; Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88. The present suit is a suit for violation of a contract, and the counterclaim which is, in effect, for judgment of noninfringement of the patent, the subject of the contract, is particularly appropriate. A careful reading of the Flynn case reveals that the Court there regarded the defense and counterclaim as, in fact, simply a defense and treated it as such. I have already held that this counterclaim was a proper one and that the defendant was entitled to file it with his amended answer, and I cannot agree with the argument that a proper counterclaim need not be answered simply because answering it might entail a repetition of some of the facts stated in the complaint.

It must be admitted that the question is not free from doubt. However, in any event, I would be reluctant to impose so serious and drastic a penalty upon the plaintiff merely because of a mistake on the part of his counsel.

The plaintiff has asked for permission to file an answer to the counterclaim. Such permission will be granted.

■ There is also before me a motion to vacate a dismissal of the complaint for want of prosecution. The dismissal was entered because, when the case was called for trial, the plaintiff's counsel announced that the plaintiff's president was ill and that he could not proceed without him. The case was adjourned for one day to afford counsel an opportunity to produce competent proof that the witness was ill, and he was specifically advised of the fact (which as a lawyer he must have known) that an affidavit would not be accepted as competent proof. Nevertheless, when he appeared in court the next day, he submitted an affidavit and nothing more and did not offer to make any statement as to why he had not produced at least a deposition of the plaintiff's president, the doctor, or anyone who could give direct testimony of the witness's condition. Had he done so, undoubtedly, the Court would have continued the case. His failure to do so would appear to be a choice deliberately made. It now appears probable that, in fact, his client was ill, and it would be a severe hardship for him to be deprived of his day in court because of inexplicable conduct on the part of his counsel. However, his counsel was authorized to determine what evidence to submit, and the plaintiff cannot entirely escape responsibility for the actions of counsel within his authority. Therefore, I think that justice will be served by granting relief on terms. I will, therefore, make the following orders:

(1) An order denying the defendant's motion for judgment on the counterclaim.

(2) An order vacating the judgment against the plaintiff for want of prosecution, this order, however, to be conditional upon the plaintiff's paying to the defendant the expenses incurred by the defendant in appearing in court on October 5

and 6, 1965, including a reasonable counsel fee proportioned to counsel's time and effort in such appearance.

(3) An order permitting the plaintiff to file a reply to the counterclaim within ten days from the date of entry.

(4) An order denying the defendant's motion for an award of attorneys' fees, this denial, however, not to affect the award fixed as a condition for the vacation of the judgment for want of prosecution.