**Joann ZADDACK, Plaintiff-Appellant,**

**v.**

**A.B. DICK COMPANY,
Defendant-Appellee.**

Nos. 84–2009, 84–2151.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 20, 1985.

Decided Sept. 11, 1985.

As Amended Sept. 13, 1985.

Michael Lee Tinaglia, Leader & Tinaglia, Chicago, Ill., for plaintiff-appellant.

John P. Lynch, Latham & Watkins, Chicago, Ill., for defendant-appellee.

Before ESCHBACH and COFFEY, Circuit Judges, and SWYGERT, Senior Circuit Judge.

COFFEY, Circuit Judge.

The plaintiff appeals the dismissal with prejudice of her employment discrimination suit for failure to prosecute under FED.R. CIV.P. 41(b). We affirm.

## I.

The plaintiff, Joann Zaddack, a white female, filed suit on April 22, 1982, on behalf of herself and a class of female employees, alleging that her employer, the defendant A.B. Dick Co., terminated her employment solely because of her sex. Zaddack sought two million dollars in compensatory and punitive damages as well as injunctive relief. During the next year, the parties engaged in discovery and focused their discovery on the class claim. During this period Zaddack and her counsel failed to appear at status hearings ordered by the court on September 21, 1982 and November 23, 1982. Moreover, plaintiff requested additional time to complete class and other discovery on at least three occasions. On May 26, 1983, after the parties had pursued class discovery for almost a year, the court ordered Zaddack to file a brief in support of her class certification request. Zaddack failed to file the brief on the class certification issue. On August 2, 1983, her attorney moved to withdraw from the case because of the plaintiff's "failure ... to remain in contact or communicate with her attorneys." The court granted leave to the attorney and allowed her to withdraw. Zaddack obtained new counsel and, in response to the defendant's motion to strike, withdrew the class allegations. On September 28, 1983, the district court granted new counsel additional time to complete discovery and set the trial for January 9, 1984.

On December 28, 1983, less than two weeks before the scheduled trial date, Zaddack's second set of attorneys filed a motion to withdraw as counsel because "irreconcilable differences ha[d] arisen between [the attorneys] and their client." The court held a status hearing on January 3 and Zaddack was in attendance with her second set of attorneys and a prospective third attorney. When asked whether she was going to enter her appearance, the new attorney, Ms. Leader, indicated to the court that the plaintiff's discovery was inadequate in her opinion.

"It appears that the substantial allegations in her case are those of equal pay and comparable work. There is no comparative data whatsoever that has been taken during the course of discovery. There is no way I could proceed and I would not want the case under those circumstances if discovery is being cut-off."

Defense counsel objected to reopening discovery:

"[I]t's not my fault that three sets of lawyers have looked at the case and haven't filed discovery that they now think

they should have filed for. There's been a year-and-a-half of discovery. Voluminous documents were presented by my client. It isn't my fault, and I think that at this late juncture for a third set of lawyers to come in and say, well, I want to restart it, I just object."

The court determined that it would not reopen discovery, permitted the second set of attorneys to withdraw, and granted Ms. Leader "a week to decide whether she intended to enter an appearance." Judge Roszkowski set another status conference for 10:00 a.m., January 9, 1984.

When the case was called on January 9, shortly after 10:00 a.m., neither Ms. Leader nor Ms. Zaddack were present. Judge Roszkowski dismissed the case with prejudice noting:

"There were three attorneys that she had in this case, and there were a number of appearances that you had to appear. I don't know how many. It must have been ten, at least, where you've appeared and they've gone in and said, we're not ready for trial, we want to get another attorney, and still another attorney, and so I think the case—it's time for it to be dismissed, and since they have not entered an appearance in accordance with a request of the other day, I see no reason to keep it on."

About 10:20 a.m., after defense counsel had departed from the courtroom, Ms. Leader appeared and informed the court that she had relied on the 10:30 a.m. time published in the *Chicago Daily Law Bulletin.* The court agreed to consider a motion for reinstatement of Ms. Zaddack's complaint, but stated to Ms. Leader that he intended:

"to require the plaintiff to pay all attorneys' fees in connection with the reinstatement, and all of the appearances that Mr. Lynch made in connection with the case with all the other attorneys, every appearance where no attorney showed up or no one showed in the case. I just think it's totally unfair for the defendant."

On January 10, 1984, the district court filed a written order and opinion confirming the dismissal. Judge Roszkowski found that the plaintiff had specifically requested discovery be continued on three occasions; the plaintiff had failed to file the memorandum concerning class certification; two sets of attorneys had been granted leave to withdraw from the action; on one occasion the court had granted new counsel additional time to complete discovery; and that Ms. Leader, the third attorney to represent Ms. Zaddack, had failed to appear for the status conference at 10:00 a.m. on January 9. Judge Roszkowski concluded that the findings demonstrated that

"plaintiff has treated this matter cavalierly. Discovery has been extended on three separate occasions to suit her needs. Moreover, when each important deadline arose, plaintiff terminated her then attorney and sought leave of this Court to renew the discovery process. Having conducted an unsuccessful settlement conference in this matter, this Court is convinced that there is no serious desire to prosecute this action. The burden and patience of this Court has been taxed too far."

On January 26, 1984, Zaddack moved to vacate the dismissal judgment, arguing principally that her counsel had relied on the time published in the *Chicago Daily Law Bulletin.* The district court granted the motion to vacate the dismissal but conditioned reinstatement "upon plaintiff's paying the attorneys' fees of defendant's counsel for appearance at the status hearing on January 9, 1984, and the fees of defendant's counsel for any status hearings or pretrial conferences at which plaintiff failed to appear." The defendant filed a request for attorneys' fees at the direction of the court. The plaintiff filed a motion in response, arguing that the defendant had requested reimbursement for costs not contemplated by the court's order. The court reduced the defendant's request for $2,550 in attorneys' fees to $2,012.50 after reviewing the defendant's material supporting this request. Zaddack

failed to pay the fees and the case was dismissed with prejudice on June 26, 1984.

## II.

■ The rules governing review of dismissals with prejudice under FED.R.CIV.P. 41(b) are well established:

"Appellate review of a Rule 41(b) dismissal order for failure to prosecute is limited to whether the district court abused its discretion in dismissing the plaintiff's actions. 'No exact rule can be laid down as to when a court is justified in dismissing a case for failure to prosecute. Each case must be looked at with regard to its own particular procedural history and the situation at the time of dismissal.'"

*Stevens v. Greyhound Lines, Inc.,* 710 F.2d 1224, 1228 (7th Cir.1983) (citations omitted). "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior." *Washington v. Walker,* 734 F.2d 1237, 1238 (7th Cir.1984). Dismissal with prejudice is appropriate when there is a clear record of delay or contumacious behavior. *Id.* at 1238. "In general we will not set aside a trial court's discretionary order unless it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration." *Locascio v. Teletype Corp.,* 694 F.2d 497, 499 (7th Cir.1982); *Beshear v. Weinzapfel,* 474 F.2d 127, 134 (7th Cir. 1973). The district court may impose reasonable conditions in an order setting aside a dismissal for want of prosecution. *Himalayan Industries v. Gibson Manufacturing Co.,* 434 F.2d 403, 404 (9th Cir. 1970); *see, e.g., Tyler v. City of Milwaukee,* 740 F.2d 580 (7th Cir.1984) (reversed because the district court, in addition to conditioning reinstatement, also conditioned the right to proceed *in forma pauperis* on promise to "conduct himself in a courteous and civilized manner"); *Thomas v. Gerber Productions,* 703 F.2d 353 (9th Cir.1983); *Choy v. Butler's Inc.,* 304 F.2d 524 (9th Cir.1962); *Dyotherm Corp. v.*

*Turbo Machine Co.,* 39 F.R.D. 370 (E.D. Penn.1966).

■ "Viewing this case 'with regard to its own particular procedural history and the situation at the time of dismissal,'" *Stevens,* 710 F.2d at 1230, a reasonable person could concur with the trial court's determination that "plaintiff has treated this matter cavalierly" and had "no serious desire to prosecute this action." A court may infer lack of prosecutorial intent from, *inter alia:* (1) the withdrawal of an attorney, *see, e.g., Stevens,* 710 F.2d at 1228–31; *Locasio,* 694 F.2d at 498–99; *Beshear,* 474 F.2d at 129–31; (2) failure to appear at a scheduled hearing, *see, e.g., Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); and (3) failure to appear on time. *See, e.g., Esteva v. House of Seagram's,* 314 F.2d 827 (7th Cir.1963). At the time Judge Roszkowski dismissed this action, Zaddack was on her third set of attorneys, had requested continuance of discovery on three previous occasions, had failed to file a memorandum as directed by the court, and had failed to appear timely at the January 9 status call. Clearly, not only was the court's and the defendant's time wasted by Zaddack's dilatory actions, but also other litigants were denied the right to have their cases disposed of in a timely fashion. We hold, based on the totality of the facts and circumstances in this case, the trial court did not abuse its discretion in dismissing this case on January 9, 1984.

■ We turn now to the question of whether the conditions the court placed on its reinstatement order were reasonable. Zaddack argues that her absence at the September 21, 1982 and November 23, 1982 status hearings is not supported by competent evidence. In the alternative, she argues that the court could not properly penalize her for conduct that was over one year old. Additionally, the plaintiff objects to the 15.5 hours of the defense attorney's time attributed to her failure to appear at 10:00 a.m. on January 9. Initially, we note that district courts are not required to make formal findings of fact when dismiss-

ing a cause of action with prejudice for failure to prosecute under FED.R.CIV.P. 41(b), although we cannot emphasize enough how helpful they are on appellate review; a judge's statement for the record is sufficient to indicate the factual basis for his ultimate conclusion and action and allows meaningful appellate review. *Esteva,* 314 F.2d at 830. Nevertheless, Judge Roszkowski went out of his way to make a complete record with formal findings of fact and we will not disregard these findings unless they are clearly erroneous. FED.R.CIV.P. 52(a). The plaintiff alleges that, "there is no evidence in the record that plaintiff or her counsel failed to appear on [September 21, 1982 and November 23, 1982]" because the docket sheets do not reflect her absence. The district court found in its order of May 18, 1984 (reducing the attorney fee award) that, "[t]he docket sheets do not normally note the individual appearances of attorneys at specific hearings." Furthermore, the defendant's attorney submitted an affidavit stating that the plaintiff failed to appear at the status hearings. Thus, a review of the record reveals that the defendant presented direct evidence of Zaddack's failure to appear while Zaddack relied on docket sheet entries that fail to indicate her presence or absence. On the basis of this record, we agree with the trial judge and conclude that Judge Roszkowski's finding that Zaddack failed to appear for the September 21, 1982 and November 23, 1982 status hearings was amply supported by the record. Additionally, we find disingenuous the plaintiff's argument that the court was penalizing her for conduct that occurred a year before; the court sanctioned a pattern of conduct, not a particular act. Thus, we hold that the court did not abuse its discretion in conditioning reinstatement of the case on the plaintiff's paying attorney fees incurred by her failure to appear at status hearings on September 21, 1982 and November 23, 1982.

As to the 15.5 hours, the activities the defendant billed the plaintiff were: the January 9 court appearance, preparation of a dismissal order, preparation of a response to the plaintiff's motion to vacate, preparation and attendance at a hearing on the motion to vacate, review and preparation of a response to plaintiff's Rule 59 Motion. The district court found, and we agree, that these expenses would not have been incurred if Zaddack had made a timely appearance at the January 9 status hearing. Accordingly, we hold that the costs imposed by the court were proper; the district court did not abuse its discretion in conditioning reinstatement on paying the 15.5 hours of attorneys' fees incurred by the plaintiff's failure to appear on time at the January 9 status hearing.

The decision of the district court is AFFIRMED.