**3 PENNY THEATER CORPORATION,**
Plaintiff-Appellant,

v.

**PLITT THEATRES, INC.,** individually and d/b/a Carnegie Theatre, Inc., Esquire Theatre, Water Tower Theatre, Lake Shore Theatre, Biograph Theatres, United Artists Theatre, and Chicago Theatre; Essaness Theatres Corporation and Essaness Theatres Corporation of Ill., both individually and d/b/a Chestnut Station Theatres and Woods Theatre; Paramount Pictures Corporation; Twentieth Century-Fox Film Corporation; Columbia Pictures Industries, Inc.; Embassy Pictures; Buena Vista Distribution Co., Inc.; United Artists Corporation; Warner Bros. Distributing Corporation; and Universal Film Exchanges, Inc., Defendants-Appellees.

No. 86–1868.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 4, 1986.

Decided Feb. 19, 1987.

Rehearing and Rehearing En Banc
Denied March 25, 1987.

**338**

Andrew B. Spiegel, Law Office of Andrew B. Spiegel, Chicago, Ill., for plaintiff-appellant.

Robert W. Bergstrom, Bergstrom, Davis, & Teeple, Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, FLAUM, Circuit Judge, and REYNOLDS, Senior District Judge.[*]

FLAUM, Circuit Judge.

The 3 Penny Theater Corporation ("3 Penny") appeals from the district court's dismissal of its case for want of prosecution under Federal Rule of Civil Procedure 41(b). 3 Penny also appeals from the district court's denial of its motion to vacate the dismissal and reinstate the case under Federal Rule of Civil Procedure 60(b). We affirm the judgment of the district court.

### I.

On April 19, 1984, 3 Penny filed a complaint in federal district court against eight motion picture distributors and one motion picture exhibitor and its related theaters. The complaint alleged that the defendants were engaged in a conspiracy to deprive 3 Penny of the opportunity to establish itself as a first-run movie theater, and that this conspiracy was in violation of the antitrust laws. On May 9, 1985, 3 Penny amended its complaint, adding Essaness Theatres as a defendant and adding a second count of illegal "splitting."[1] The case was originally assigned to Judge Marshall, and trial was set for February 24, 1986. However, after the case was reassigned to Judge Duff on October 29, 1985, the February date was set aside, and 3 Penny agreed to a trial sometime after April 22, 1986.

On April 29, 1986, defendants moved for involuntary dismissal of the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. 3 Penny filed a response to this motion and, at a hearing on May 1, 1986, the district court granted the motion and dismissed the case. On May 8, the court held a hearing on 3 Penny's motion under Rule 60(b) to vacate the dismissal and reinstate the case, and denied this motion as well. 3 Penny appeals from the district court's dismissal of the case, and from the denial of its motion to vacate the dismissal and reinstate the case.

### II.

This case presents two related issues: whether the trial court abused its discretion in dismissing the action under Rule 41(b), and whether it further abused its discretion in refusing to reinstate the case under Rule 60(b). We find no abuse of discretion on these facts, and therefore affirm the district court's judgment.

■■■ Rule 41(b) of the Federal Rules of Civil Procedure[2] allows a district court to

---

[*] The Honorable John W. Reynolds, Senior District Judge for the United States District Court for the Eastern District of Wisconsin, is sitting by designation.

1. A "split" agreement has been defined as an agreement by which motion picture exhibitors allocate among themselves the rights to negotiate for films released by motion picture distri-
bution companies. *United States v. Capitol Service, Inc.,* 756 F.2d 502, 503 (7th Cir.1985).

2. Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
   **(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.... Un-

dismiss a case with prejudice for plaintiff's failure to prosecute. A Rule 41(b) dismissal is appropriate when there is "a clear record of delay or contumacious behavior," or when other sanctions have proved unavailing. *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir.1985); *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir.1983). Our standard of review in such cases is abuse of discretion. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir.1986). In fact, we have stated that "in general we will not set aside a trial court's discretionary order unless it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration." *Zaddack*, 773 F.2d at 150 (*quoting Locascio v. Teletype Corp.*, 694 F.2d 497, 499 (7th Cir.1982), *cert. denied*, 461 U.S. 906, 103 S.Ct. 1876, 76 L.Ed.2d 808 (1983)). In order to determine whether the trial court abused its discretion, this court examines the procedural history of the case and the situation at the time of dismissal. *Schilling*, 805 F.2d at 275; *Stevens v. Greyhound Lines*, 710 F.2d 1224, 1228 (7th Cir.1983).

■ In this case there is a clear record of dilatory conduct by the plaintiff. First, plaintiff repeatedly failed to attend status hearings. Judge Marshall's preliminary pretrial order referred the case to a magistrate for supervision of discovery, final pretrial material preparation, and for periodic status reports. *See 3 Penny Theater Corp. v. Plitt Theatres*, No. 84 C 3394 (N.D.Ill. Jun. 22, 1984) (order). Plaintiff failed to appear at the first status hearing before the magistrate on August 1, 1984. Defendants' counsel reported at that hearing that plaintiff's counsel had written a letter from Phoenix, Arizona stating his intent to be absent. Plaintiff's counsel again failed to appear at the next status hearing, which was held on January 15, 1985. This time, he telephoned the court

clerk that morning and said he would not be present. The magistrate thereupon entered an order expressly directing plaintiff's counsel to appear at the next status hearing, which was set for February 19, 1985. *See 3 Penny Theater Corp. v. Plitt Theatres, Inc.*, No. 84 C 3394 (N.D.Ill. Jan. 15, 1985) (order). Pursuant to this order, plaintiff's counsel did appear at the February 19 status hearing. However, he failed to attend the next hearing, held on April 9, 1985.

Second, the record demonstrates dilatory conduct by the plaintiff regarding discovery. For example, in late November, 1984, the distributor defendants made a number of documents available for inspection by plaintiff at their counsel's office, subject to the entry of a protective order. The magistrate's order of January 15, 1985 directed that the protective order be "resolved" and that plaintiff examine these documents by January 29. January 29 came and went, and on February 19 the magistrate expressly directed plaintiff's counsel to submit a draft of the protective order by March 5. Plaintiff's counsel failed to meet this deadline. Moreover, plaintiff's counsel did not inspect the documents being held by the distributor defendants until January 22, 1986, nearly one year after the magistrate had directed him to do so.

On January 22, 1985, the plaintiff agreed to produce documents for the defendants. However, on October 8, 1985, when the counsel for the motion picture distributor defendants went to the office of plaintiff's counsel to inspect the documents, he was told the documents would not be produced. On November 4, 1985, defendants filed a motion to compel discovery, requesting that plaintiff produce the documents by November 6, 1985. The motion also requested that the plaintiff answer, by November 7, interrogatories that defendants had sent on October 3, 1984. This motion was argued on November 4, and after a

less the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of

jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

number of continuances the motion was denied on November 20 because plaintiff had complied.

Finally, plaintiff's counsel received three extensions of the date for filing of pretrial materials: from October 22, 1985 to December 15, 1985, to February 21, 1986, to April 22, 1986. A fourth extension was denied. Yet on April 22—the final deadline—instead of filing a draft pretrial order, the plaintiff submitted a notice stating that it intended to file a fifth motion for extension of time on May 1, 1986. In response to this notice, defendants filed their motion to dismiss for failure to prosecute. Judge Duff held a hearing on May 1, 1986, and granted defendants' order. On this record we cannot hold that the district court's dismissal of the case under Rule 41(b) was an abuse of discretion.

■ Plaintiff argues that the dismissal order violated 3 Penny's right to due process of law and to trial by jury. It is true that a dismissal with prejudice, because it cuts off plaintiff's access to the courts, is a harsh sanction. *Schilling,* 805 F.2d at 275; *Washington v. Walker,* 734 F.2d 1237, 1240 (7th Cir.1984); *Webber v. Eye Corp.,* 721 F.2d at 1069. However, "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior." *Zaddack v. A.B. Dick Co.,* 773 F.2d at 150 (*quoting Washington v. Walker,* 734 F.2d at 1238). The rule is an expression of an "inherent power ... necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630–31, 82 S.Ct. at 1388–

89. When a court exercises this power within the bounds of its discretion, as the court did here, there is no constitutional violation.

■ Plaintiff also points out that the present case is "younger" than most of the cases in this circuit in which we have upheld a dismissal under Rule 41(b). However, "[t]here have been cases where we held that dismissal was not an abuse of discretion, notwithstanding the fact that the actions were relatively young." *Schilling,* 805 F.2d at 277; *see, e.g., Tolliver v. Northrop Corp.,* 786 F.2d 316 (7th Cir. 1986) (no abuse of discretion even though case less than six months old when dismissed for failure to prosecute). As we have already noted, each 41(b) case must be decided on its own facts.

We similarly find no abuse of discretion in the district court's refusal to vacate the dismissal and reinstate the case under Federal Rule of Civil Procedure 60(b).[3] Relief under Rule 60(b) is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir.1986). This principle stems from "a strong policy favoring the finality of judgments," *id.* at 1072. We have said that abuse of discretion in cases under Rule 60(b) is limited to cases in which "no reasonable person could agree with the district court's decision," *Tolliver v. Northrop Corp.,* 786 F.2d at 318, and that the district court's Rule 60(b) decision is "discretion piled on discretion," *id.* at 319. Under this highly deferential standard of review and on these facts, we do not find the district

---

**3.** Rule 60(b) of the Federal Rules of Civil Procedure provides:

    **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresenta-

tion, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

court's denial of the motion to vacate the dismissal and reinstate the case to be an abuse of discretion.

For the foregoing reasons, the judgment of the district court is AFFIRMED.