933 F.2d 1012
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Geraldine HAMPTON, Plaintiff-Appellant,
v.
Joseph J. MILLER, Defendant-Appellee.
 No. 90-1498.
 United States Court of Appeals, Seventh Circuit.
 Argued May 13, 1991.
Decided May 20, 1991.
 
 Before POSNER, FLAUM, EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Geraldine Hampton filed this suit under 42 U.S.C. Sec. 1983 against several defendants. In July 1988 the district judge dismissed the claim against Joseph J. Miller because Hampton had not served him with process. (The other defendants were dismissed for failure to prosecute. Hampton has not sought to resurrect her action against these defendants, and we put them aside.) Hampton did not file a timely motion to alter or amend the judgment. Nor did she take an appeal. Instead she filed a series of variously captioned documents best characterized as motions under Fed.R.Civ.P. 60(b)(1), offering excuses for her failure to serve Miller and begging for further chances.
 
 
 2
 The district court offered Hampton no fewer that three "final" opportunities to serve Miller. The last of these conditioned reinstatement of the suit not only on serving Miller but also on paying his attorneys' fees. (Miller, appearing as "amicus curiae", had been represented by counsel furnished by his insurance carrier.) Hampton declined to pay the fees, which a magistrate judge fixed at $5,012. Hampton's appeal contends that the district judge lacked the authority to impose this $5,000 "sanction" for belated service.
 
 
 3
 Much of Hampton's brief is devoted to the argument that the court erred in dismissing the complaint in 1988 before the expiration of the 120 days Rule 4(j) allows for service. That would have been a strong contention, had Hampton taken an appeal or served a Rule 59 motion within 10 days, suspending the finality of the judgment. She did neither, and her failure to do so puts this decision beyond appellate review. Browder v. Director, Department of Corrections, 434 U.S. 257 (1978); Cange v. Stotler & Co., 913 F.2d 1204, 1212-13 (7th Cir.1990). All that is before us is the district court's failure to reinstate the case, on a motion filed within the year allowed by Rule 60(b)(1).
 
 
 4
 The proper question is whether a district judge may require the plaintiff to pay the other side's legal expenses as a condition of reinstating a complaint. The answer is yes. Zaddack v. A.B. Dick Co., 773 F.2d 147, 151 (7th Cir.1985). Imposing a reimbursement condition was not an abuse of discretion. Hampton, who was represented throughout by counsel, should have been able to obtain service of process without the extended delay. Miller's insurer had to defend its client's interests during this process, at some cost. Reimbursement, which restores the insurer to the position it would have occupied had Hampton avoided all this folderol, is an appropriate condition. Had the decision been ours to make, we would not have offered Hampton so many turns through this revolving door; it undercuts the force of a federal court's orders if "final" chances are just preludes to other opportunities. Multiple "final" chances ran up Miller's costs. But Hampton is in no position to complain that the district judge was too indulgent.
 
 
 5
 AFFIRMED.