16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Stephen WARD, Plaintiff/Appellant,
v.
Lieutenant T. MAWEE and R. Williams, Defendants/Appellees.
 No. 92-2579.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 9, 1994.
 
 Before POSNER, Chief Circuit Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Stephen Ward appeals the district court's imposition of sanctions against him and its dismissal of his civil rights law suit, brought under 42 U.S.C. Sec. 1983, for failure to prosecute. Ward also appeals the district court's refusal to request counsel for him. We affirm.
 
 
 2
 We first turn to the sanctions imposed upon Ward. Before trial, the magistrate judge ordered the parties together to submit a final pretrial order. Ward refused to cooperate with defendants' counsel in drafting that order. Finding that Ward's conduct was willful, the magistrate judge recommended that Ward be sanctioned by precluding him from introducing evidentiary exhibits or calling witnesses at trial, but he should be allowed to attend the trial and testify. The district court adopted the magistrate judge's order over Ward's objections.
 
 
 3
 Federal Rule of Civil Procedure 16(f) provides that if a party fails to obey a pretrial order, the court may sanction that party. Absent an abuse of discretion, we may not disturb the district court's imposition of sanctions for a party's failure to comply with a pretrial order. G. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 655 (7th Cir.1989). Ward acknowledges in his brief on appeal that he refused to cooperate in drafting the pretrial order. Sanctions imposed pursuant to Rule 16 include the dismissal of the action and the exclusion of exhibits. See Link v. Wabash R. Co., 370 U.S. 626, 628 (1962); Admiral Theatre Corp. v. Douglas Theatre, 585 F.2d 877, 898 (8th Cir.1978); see Fed.R.Civ.P. 16(f) advisory committee's note. As the district court may dismiss the lawsuit outright as a sanction, the less severe sanction of precluding a plaintiff from calling witnesses and presenting exhibits is also within the court's power. Therefore, the court did not abuse its discretion in imposing these sanctions on Ward.
 
 
 4
 As for the dismissal of Ward's suit, we must examine the procedural history of the case and the situation at the time of dismissal to determine whether the district court abused its discretion. 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 339 (7th Cir.1987) (quoting Zaddock v. A.B. Dick Co., 773 F.2d 147, 150 (7th Cir.1985)). The district court referred Ward's case to a magistrate judge for an evidentiary hearing. Ward refused to participate in the proceedings, informing the magistrate judge that he did not wish to proceed, and repeated his objections to the Rule 16 sanctions. The magistrate judge recommended and the district court agreed that the case should be dismissed for failure to prosecute. A Rule 41(b) dismissal is appropriate where there is "a clear record of delay or contumacious behavior." Id.; see Lucien v. Breweur, No. 92-3144, slip op. at 4 (7th Cir. Oct. 19, 1993). The magistrate judge warned Ward that his case could be dismissed based on his refusal to advance the litigation. See Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir.1993) (holding that a judge should not dismiss a case for failure to prosecute without due warning to plaintiff's counsel). Having already sanctioned Ward by precluding him from calling witnesses and introducing exhibits, there was no less drastic remedy available but to dismiss the suit in light of Ward's conduct throughout this litigation, his deliberate failure to participate in its advancement, and the court's warnings that the case could be dismissed. See id. The district court did not abuse its discretion in dismissing Ward's case.
 
 
 5
 Finally, Ward argues that the magistrate judge abused his discretion in denying Ward's request for counsel. In denying Ward's motion, the magistrate judge found that the case was not sufficiently complex to warrant appointment of counsel and noted that Ward was not likely to succeed on the merits of his claim. Because Ward failed to file objections to the magistrate's report and recommendation, he has waived review of this claim. Provident Bank v. Manor Steel Corp., 882 F.2d 258, 260 (7th Cir.1989); Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 561 (7th Cir.1986).[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 A party may file objections to a magistrate's proposed findings and recommendations with the district court within ten days after being served. 28 U.S.C. Sec. 636. Ward was aware of this requirement, as evidenced by his earlier request for an extension of time to file objections to the magistrate's report on a different issue