T.C. Memo. 1996-329


UNITED STATES TAX COURT


KENNETH E. BIXLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13372-95.               Filed July 23, 1996.


Kenneth E. Bixler, pro se.

<u>Timothy A. Lohrstorfer</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with

---

[1] Unless otherwise indicated, all section and chapter
references are to the Internal Revenue Code in effect for the
taxable year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This case is before the Court on (1) Respondent's Motion To Dismiss For Failure To Properly Prosecute; (2) respondent's Motion To Impose Sanctions For Petitioner's Failure To Comply With Order Directing Production Of Documents; (3) respondent's Motion To Impose Sanctions Pursuant To I.R.C. § 6673; and (4) petitioner's Motion To Dismiss, as supplemented.

Petitioner resided in Warsaw, Indiana, at the time that the petition was filed in this case.

We begin by setting forth the background necessary to an understanding of the parties' four motions.

Respondent's Notice of Deficiency

Respondent issued a notice of deficiency to petitioner dated April 19, 1995, that determined the following deficiency in petitioner's Federal income tax and additions to tax:

| | | Additions to tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1992 | $9,474 | $1,251.25 | $196.36 |

The deficiency in income tax, which includes self-employment tax in the amount of $216, is based on respondent's determination that petitioner failed to report the following items of income:

| Income | Payor | Amount |
|--------|-------|--------|
| Wages[1] | R.R. Donnelley & Sons Co. | $45,063 |
| Dividends | Donnelley | |
| | (Stock Ownership Plan) | 142 |
| Nonemployee | | |
| compensation | Primerica Life Ins. Co. | [2]1,532 |
| Interest | Lake City Bank | 18 |
| " | First National Bank | 13 |
| | | 46,768 |

[1]Respondent has given petitioner credit for amounts withheld from his taxes insofar as his ultimate tax liability is concerned.  However, the determination of a statutory deficiency does not take such amounts into account.  See sec. 6211(b)(1).

[2]In computing the amount of self-employment tax under sec. 1401, respondent reduced the amount of income received from Primerica Life Insurance Co. by 7.65%.  Such reduction is required by sec. 1402(a)(12).  In computing the amount of regular income tax under sec. 1, respondent allowed as a deduction from gross income one-half of the self-employment tax ($108) pursuant to sec. 164(f).

In computing the deficiency in income tax, respondent allowed petitioner one personal exemption and a standard deduction in the amount of $3,000.

The addition to tax under section 6651(a)(1) is based on respondent's determination that petitioner's failure to timely file an income tax return for the taxable year in issue was not due to reasonable cause.  Finally, the addition to tax under section 6654(a) is based on respondent's determination that petitioner failed to pay the requisite amount of estimated tax for the taxable year in issue.

Petitioner's Petition

Petitioner filed his petition on July 18, 1995. The petition contains a number of claims and allegations that are not justiciable but rather exemplify assertions commonly found in petitions filed by tax protesters. For example, the petition alleges that respondent erred:

in determining that the Petitioner's gross receipts were taxable.

in determining that, or acting as if, the Petitioner was subject to the administrative jurisdiction of the Internal Revenue Service.

in determining that, or in acting as if, the Petitioner was either a 'taxpayer' as defined at 26 USC 7701(a)(14)[2]; or that the Petitioner was a 'person' as defined in 26 USC Section 7343.[3]

in failing to allow the Petitioner's basis in his property pursuant to IRC Sections 1012, 1014 and 1015.

The petition alleges, inter alia, as the facts upon which petitioner relies as a basis for his case:

The Petitioner's gross receipts were not includable in his taxable income because they were not of the types upon which a tax is imposed in Subtitle A of Title 26.

The gross receipts of the Petitioner consisted entirely of compensation received for actions which were the common law rights of the Petitioner. There

---

[2] The term "taxpayer" is defined by sec. 7701(a)(14) to mean "any person subject to any internal revenue tax."

[3] The definition of the term "person" in sec. 7343 applies only to ch. 75, which deals with crimes, other offenses, and forfeitures. On the other hand, the definition of the term "person" in sec. 7701(a)(1), which definition includes an individual, applies generally to the entire I.R.C.

was no compensation, no profit and no gain realized from any activity subjected to an excise tax. [4]

The Petitioner is a natural person engaged in an occupation of common law right.  He holds no license or privilege subject to an excise and he is not one of the entities made liable for an income tax pursuant to Subtitle A.

The Petitioner is not a taxpayer.

Petitioner does allege, in the alternative to the foregoing and similar tax protester-type arguments, that if his compensation for services rendered "were arguably determined to be income", then he is entitled to deduct "all money spent in order to earn money pursuant to IRC Section 162", as well as "a number of itemized deductions".

In her answer, respondent denied virtually all of petitioner's allegations.

Pre-trial Developments

On January 17, 1996, the Court served on the parties a Notice setting this case for trial at the Indianapolis, Indiana trial session scheduled to commence on March 25, 1996.  The Notice advised, inter alia, as follows:

YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.

YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.

---

[4] Earlier in the petition, petitioner alleges that "The Deficiencies as determined by the Commissioner are in taxes imposed by Subtitle A of Title 26 which the Petitioner believes to be in the nature of excise taxes".  Contrary to petitioner's "belief", subtitle A of Title 26 deals with income taxes.

A Standing Pre-Trial Order was attached to the trial notice. The Standing Pre-Trial Order directed the parties, inter alia, to stipulate facts and documents to the maximum extent possible consistent with the dictates of Rule 91; to prepare and submit to the Court a trial memorandum in prescribed form not later than 15 days before the first day of the trial session; and to be prepared for trial at any time during the term of the trial session.

Prior to trial, respondent served on petitioner a Request for Admissions, to which petitioner filed a timely Response. Petitioner admitted, inter alia, (1) he did not file an income tax return for 1992; (2) he received compensation in the form of wages from R.R. Donnelley & Sons Co. during 1992 in the amount of $45,063; (3) he received interest income from Lake City Bank and First National Bank during 1992 in the amounts of $18 and $13, respectively; (4) he received dividend income from Donnelley Tax Redemption Stock Ownership Plan during 1992 in the amount of $142; (5) he received nonemployee compensation from Primerica Life Insurance Co. during 1992 in the amount of $1,532; (6) he was entitled to only one personal exemption for 1992; and (7) he is entitled to a standard deduction of $3,000 for 1992. Petitioner denied, inter alia, (1) his wages from R.R. Donnelley & Sons Co. and his nonemployee compensation from Primerica Life Insurance Co. were taxable; (2) he was unable to substantiate

expenses that might offset gross income; and (3) he is liable for self-employment tax.

Also prior to trial, respondent filed a Motion to Compel Production of Documents. The motion was based on a Request for Production of Documents previously served on petitioner and with which petitioner had not complied.[5] The Court granted respondent's motion to compel and ordered petitioner to produce, by a date certain, those documents requested in respondent's request for production. The Court also advised petitioner as follows:

> in the event petitioner does not fully comply with the provisions of this Order, the Court will be inclined to impose sanctions pursuant to Rule 104, Tax Court Rules of Practice and Procedure, which may include dismissal of this case and entry of a decision against petitioner.

The Court also reminded petitioner of the applicability of the Court's Standing Pre-trial Order that had previously been served on him.

Petitioner did not comply with the Court's aforementioned Order.

Developments at Trial

---

[5] Before serving formal discovery on petitioner, respondent had attempted to schedule a Branerton conference with petitioner as required by Rule 70(a)(1). See Branerton v. Commissioner, 61 T.C. 691 (1974). At that time, respondent identified arguments made in the petition that were frivolous, advised petitioner of the provisions of sec. 6673, and enclosed copies of two recent cases in which the Court had imposed a penalty against the taxpayers pursuant to that section. Petitioner declined respondent's invitation to participate in a Branerton conference.

When this case was called from the calendar of the Trial Session at Indianapolis, Indiana, on March 25, 1996, counsel for respondent appeared and announced that respondent was ready for trial.  There was no appearance by or on behalf of petitioner.  However, an individual who refused to identify himself other than as a "friend" of petitioner came forward and "served" on the Court a document entitled "Non-Statutory Abatement", which the Court filed as petitioner's Motion to Dismiss.[6]  Because respondent's counsel indicated that he wished to file certain motions of his own, the Court stated that this case would be recalled immediately after calendar call in order to address such motions.

When this case was recalled later in the morning of March 25, 1996, respondent's counsel appeared and filed a Motion To Dismiss For Failure To Properly Prosecute, a Motion To Impose

---

[6] The "INTRODUCTION" of the document filed as petitioner's Motion to Dismiss provides, in part, as follows:

This is a Non-Statutory Abatement issued pursuant to common law rules applicable to such cases, against the DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, an acting Alien Enemy agency of a statutorily created, foreign de facto corporation, known as the UNITED STATES OF AMERICA.  Said agency is imposing a suretyship, by attaching an illegally presumed persona designata, nom de guerre, created by them as Kenneth E. Bixler, upon This private Christian, Kenneth Edward: Bixler, suae potestate esse.  This imposition is without authority, is counter to public morals, being in the Nature of a Praemunire which is outlawed by the General custom in this state and, thus, is in violation of the 1851 Indiana Constitution, the lex non scripta, which is the jus publicum in this state:

Sanctions For Petitioner's Failure To Comply With Order Directing Production Of Documents, and a Motion To Impose Sanctions Pursuant To I.R.C. § 6673. As before, there was no appearance by or on behalf of petitioner.

Respondent's Motion To Dismiss For Failure To Properly Prosecute is premised on petitioner's failure to appear at trial, as well as petitioner's failure to cooperate in preparing this case for trial, specifically including petitioner's failure to stipulate, as required by the Court's Rules of Practice and Procedure and the Court's Standing Pre-trial Order.

Respondent's Motion To Impose Sanctions For Petitioner's Failure To Comply With Order Directing Production Of Documents is premised on petitioner's failure to comply with the Court's Order granting respondent's motion to compel and ordering petitioner to produce, by a date certain, those documents requested in respondent's request for production.

Respondent's Motion To Impose Sanctions Pursuant To I.R.C. § 6673 is premised on the grounds that petitioner instituted or maintained this proceeding primarily for delay, and that his position herein is frivolous or groundless.

Post-trial Developments

Several weeks after trial, petitioner filed a supplement to his motion to dismiss. Petitioner's motion, as well as the supplement thereto, is premised on petitioner's belief that he may abdicate his responsibilities as a Federal taxpayer by the

simple expedient of declaring himself to be a Private Christian who is not subject to the jurisdiction of the Government of the United States.

Discussion

We begin with respondent's Motion To Dismiss For Failure To Properly Prosecute.

Our Rules provide that the failure of a party to appear at trial or to properly prosecute may result in entry of decision against that party. Specifically, Rule 123, which is entitled "Default and Dismissal", provides in pertinent part as follows:

> **(b) Dismissal:** For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof * * * .

Additionally, Rule 149, which is entitled "Failure to Appeal or to Adduce Evidence", provides in pertinent part as follows:

> **(a) Attendance at Trials:** The unexcused absence of a party * * * when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties.
> **(b) Failure of Proof:** Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by such party's adversary, may be ground for dismissal or for determination of the affected issue against that party.

Dismissal of a case is a sanction that rests with the discretion of the Court. Harper v. Commissioner, 99 T.C. 533, 540 (1992); Levy v. Commissioner, 87 T.C. 794, 803 (1986). In addition--

> Dismissal may properly be granted where the party's failure to comply with Rules and orders of the Court is due to "willfulness, bad faith or any fault", as contrasted with mere inadvertence or inability. Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958) (Fed. R. Civ. P. 37(b)(2)); Dusha v. Commissioner, 82 T.C. 592, 599 (1984) (Rule 104(c)). A case may be dismissed for failure properly to prosecute when petitioner * * * fails to appear at trial and does not otherwise participate in the resolution of petitioner's claim. Basic Bible Church v. Commissioner, 86 T.C. 110, 114 (1986).

Harper v. Commissioner, supra at 540; see Ritchie v. Commissioner, 72 T.C. 126, 128-129 (1979).

As guidance for dismissals under Rule 123(b), we look to the legal standards for dismissals under Rule 41(b) of the Federal Rules of Civil Procedure. Basic Bible Church of America v. Commissioner, 86 T.C. 110, 113 (1986). The Court of Appeals for the Seventh Circuit, to which the dismissal of this case would be appealable, has held that dismissal under Fed. R. Civ. P. 41(b), for failure to prosecute is appropriate "when there is 'a clear record of delay or contumacious behavior,' or when other sanctions have proved unavailing." 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 339 (7th Cir. 1987) (quoting Zaddack v. A.B. Dick Co., 773 F.2d 147, 150 (7th Cir. 1985), and Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cir. 1983)).

For the following reasons, we think the applicable standard is clearly satisfied in this case.

First, petitioner failed to appear at trial, either in person or by counsel, despite the warning set forth in the Court's Notice setting this case for trial. Rather, a "friend" of petitioner came forward and "served" on the Court petitioner's Motion to Dismiss.

Second, petitioner failed to cooperate in preparing this case for trial, despite the warning set forth in the Court's Notice setting this case for trial.

Third, petitioner failed to comply with the Court's Order granting respondent's Motion to Compel Production of Documents, despite the warning set forth in such order.

Fourth, petitioner failed to comply with the Court's Standing Pre-trial Order, despite the admonitions therein and despite the reminder concerning the applicability of such order that was set forth in the Court's Order granting respondent's aforementioned motion to compel production.

Fifth, petitioner's Motion to Dismiss itself demonstrates petitioner's lack of interest in pursuing whatever justiciable issues may exist in this case.

In view of the foregoing, we conclude that dismissal is warranted as a sanction. Accordingly, we will grant respondent's Motion To Dismiss For Failure To Properly Prosecute.

We turn next to respondent's Motion To Impose Sanctions For Petitioner's Failure To Comply With Order Directing Production Of Documents. In view of the action that we will take in respect of respondent's motion to dismiss, this motion will be denied as moot.

We now consider respondent's Motion To Impose Sanctions Pursuant To I.R.C. section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiency in income tax or the penalties determined by respondent in the notice of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse his own misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner's position, as set forth in the petition, consists of tax protester rhetoric and

legalistic gibberish. Based on well established law, petitioner's position is frivolous and groundless.

We recognize that petitioner did include in his petition allegations alternative to his tax protester arguments, namely, that if his compensation for services rendered "were arguably determined to be income", then he is entitled to deduct "all money spent in order to earn money pursuant to IRC Section 162", as well as "a number of itemized deductions". Such allegations, however, are clearly secondary to the tax-protester arguments; moreover, they were never pursued by petitioner. We think that such allegations were, at best, a mere decoy, designed to avoid a pretrial motion to dismiss for failure to state a claim under Rule 40.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Having to deal with this matter wasted the Court's time, as well as respondent's. Moreover, taxpayers with genuine controversies were delayed. See Voss v. Commissioner, T.C. Memo. 1989-238 (taxpayers instituted proceedings in this Court primarily for delay where they "exhibited total disinterest in presenting or proving the merits, if any, of their cases.").

Finally, we note that respondent provided petitioner, well in advance of trial, with copies of two recent cases of this Court in which we discussed the provisions of section 6673 and

imposed a penalty thereunder.  Petitioner was well aware that he faced the possibility of a penalty under that section.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1), grant respondent's motion to impose sanctions, and require petitioner to pay a penalty to the United States in the amount of $2,500.  See <u>Granzow v. Commissioner</u>, 739 F.2d 265, 268 (7th Cir. 1984) (imposition of a penalty under section 6673 was warranted where taxpayer had no reasonable basis to believe that wages were not properly subject to income tax "given the universal and longstanding rejection of this argument.").

With respect to petitioner's Motion to Dismiss, as supplemented, it should be apparent that we will deny such motion.  It contains only Latinized gobbledygook and represents nothing other than a means by which petitioner has pursued his tax protest agenda.

To reflect the foregoing,

<u>An appropriate order and order of dismissal and decision will be entered</u>.