116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Claude WILSON II, Plaintiff-Appellant,
v.
SCHOEP'S ICE CREAM CO., INC., and Joe HEANEY, Defendants-Appellees.
 No. 96-4072.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1997*
Decided June 26, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96 C 3297; Wayne R. Andersen, Judge.
 Before CUMMINGS, BAUER and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Claude Wilson filed suit against his former employer Schoep's Ice Cream ("Schoep's"), supervisor Joe Heany, and coworker Alvita Jenkins, alleging his employment was unfairly terminated based on gender discrimination in violation of Title VII. 42 U.S.C. § 2000e. The district court dismissed Wilson's case for want of prosecution and denied Wilson's motion to re-open the case. Wilson appeals and we affirm.
 
 
 2
 Wilson alleges that because he did not want to date Jenkins and that she was jealous of his potential to be a millionaire book writer, Heany and Jenkins conspired to fire him. He also alleges that the defendants badgered him and forced him to socialize with his coworkers. Prior to filing his complaint, the Equal Employment Opportunity Commission (EEOC) dismissed his charge based on the Commission's inability to conclude that the information obtained established a violation of the law.
 
 
 3
 Nonetheless, Wilson filed his complaint with the district court in May 1996. The district court granted Wilson's petition to proceed in forma pauperis, noting that the basis of Wilson's complaint alleged only personal animosity. The court, however, stated that it was allowing Wilson the opportunity to develop his case and concluded that his claim was not frivolous nor malicious under 28 U.S.C. § 1915(d).[1] As the case progressed, the district court summarily granted Jenkins' motion to dismiss. Jenkins was then removed as a defendant, ostensibly because she was not an "employer" as defined by 42 U.S.C. § 2000e(b). Wilson subsequently filed a "Motion to Summon Defendant Alvita Jenkins to Appear in Court During this Case," in which he claimed that Jenkins was a company callgirl, committed perjury, and plotted to murder him. The court entered and continued Wilson's motion. Without discussion, the district court then appointed counsel in mid-September 1996, after denying appointed counsel two months earlier. On October 10, 1996, Wilson's case was reassigned from the Honorable Brian Barnett Duff to the Honorable Wayne R. Andersen and a status date was set for October 29, 1996. Wilson's counsel moved for relief of appointment due to his change in domicile to be presented at the October 29 status hearing. Wilson was aware of his counsel's motion and did not object.
 
 
 4
 Prior to the October 29 status hearing, Wilson wrote a letter to Judge Andersen explaining that the defendants were conspiring to murder him. Wilson stated: "I'm due to be in court on Tuesday (10/29/96) but for fear of my life I may not make it."[2] On October 29, the district court dismissed Wilson's case for want of prosecution with leave to reinstate due to Wilson's failure to appear in person or by counsel for the status hearing. The district court granted Wilson's counsel's motion for relief from appointment on October 29, as well. Wilson then filed a "Motion to Re-open this Court Case and to Reinstate Alvita Jenkins as a Defendant and Summon Her to Appear in Court During This Court Case" based on accusations of Jenkins' alleged murder plot and perjury. The district court denied Wilson's motion to reinstate. See Fed.R.Civ.P. 60(b). Wilson appeals.[3]
 
 
 5
 We review the dismissal of an action for failure to prosecute for an abuse of discretion. Halas v. Consumer Serv., Inc., 16 F.3d 161, 163 (7th Cir.1994). Due to the district court's better understanding of the its docket and the litigants, we review managerial decisions deferentially. Johnson v. Kamminga, 34 F.3d 466, 468 (7th Cir.1994), cert. denied, 115 S.Ct. 1373. We will not find an abuse of discretion unless it is clear that no reasonable person could agree with the district court's determination. 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 339 (7th Cir.1987).
 
 
 6
 Reviewing the events comprising Wilson's lawsuit, see Halas, 16 F.3d at 162, we conclude that the district court did not abuse its discretion in dismissing Wilson's case for want of prosecution. Although Wilson's letter to Judge Andersen indicates that he was aware of his October 29, 1996, status hearing and that he should attend, Wilson failed to make an appearance at the status hearing which we have previously stated infers a lack of prosecutorial intent. See GCIU Employer Retirement Fund v. Chicago Tribune Co., 8 F.3d 1195, 1198 (7th Cir.1993); see also Local Rule 21(b), United States District Court for the Northern District of Illinois.
 
 
 7
 Wilson also appeals the district court's denial of his motion to re-open or reinstate his case. We review the district court's denial of Wilson's motion to reinstate, which is treated as a Federal Rule of Civil Procedure 60(b) motion for relief from a dismissal, for an abuse of discretion. See Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607, 612 (7th Cir.1986).
 
 
 8
 In his motion to reinstate, Wilson failed to state any grounds satisfying the requirements of Rule 60(b). Instead, he continually attacked Jenkins and other Schoep's employees in a personal fashion. Wilson did not give an explanation of why he failed to appear at the October 29, 1996, status conference in his motion to reinstate, either. Because Wilson failed to assert that there were circumstances creating a danger that the underlying judgment was unjust, see 3 Penny Theater, 812 F.2d at 340, we cannot say the district court abused its discretion in denying the motion to reinstate the case under Rule 60(b).
 
 
 9
 For the foregoing reasons, the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Defendants assert that on or about October 21, 1996, they filed a motion to dismiss based on 28 U.S.C. § 1915(d) on the grounds that the action was malicious or frivolous. The motion was not part of the original record on appeal, but the district court granted Schoep's motion to supplement the appellate record in February 1997. To date, Schoep's has failed to supplement record
 
 
 [2]
 In his notice of appeal, Wilson also explains that the defendants tried to murder him, thus discouraging him from attending the status hearing
 
 
 [3]
 Because the district court dismissed Wilson's suit conditionally, the judgment becomes final after the time to reinstate has expired. Otis v. City of Chicago, 29 F.3d 1159, 1165 (7th Cir.1994) (en banc). Wilson filed his notice of appeal within the conditional timeframe; thus, his appeal of the judgment is timely