99 F.3d 1142
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Beverly WHITEHEAD, Plaintiff-Appellant,
v.
A.M. INTERNATIONAL, INC., Defendant-Appellee.
 No. 96-1811.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 1, 1996.
Decided Oct. 10, 1996.
 
 Before CUMMINGS, COFFEY and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Beverly Whitehead appeals the dismissal of her employment discrimination case for lack of prosecution. We affirm.
 
 FACTS
 
 2
 Beverly Whitehead filed an employment discrimination action on February 18, 1993, seeking relief for race discrimination, retaliatory discharge, and sexual harassment under Title VII, for race discrimination under 42 U.S.C. § 1981, and for intentional infliction of emotional distress under Illinois tort law. A few months after it commenced the case was stayed for a year pending the resolution of the defendant's bankruptcy action, but it resumed in spring 1994. On July 28, plaintiff's counsel failed to attend a status hearing (without notifying the court) because of a conflict. On August 9, the district court dismissed all but the race discrimination claims under Title VII and § 1981.
 
 
 3
 The plaintiff was scheduled to be deposed before September 16, but the parties had a dispute regarding her production of her mental health records (which were necessary because Whitehead claimed mental harm from defendant's conduct). Essentially, Whitehead argued that some treatment was for family counseling, and that she could not violate the privacy rights of the other members of her family. The court ordered Whitehead to submit all her mental treatment records to the court in camera within 28 days, and the court would decide what should be given to opposing counsel. As a result, Whitehead's deposition was postponed.
 
 
 4
 Whitehead failed to comply with the court's order. The court received a letter from one organization which stated it did not have any records relating to Beverly Whitehead. At a status hearing a week after the deadline, counsel stated that she was trying to get a second hospital to comply with the order. The court gave counsel 21 days to make the in camera submission, warning that Whitehead would be barred from presenting evidence regarding damages to mental health, condition, treatment, care or consultation if she failed to make the required submission. Plaintiff's counsel transmitted an additional letter stating that the hospital was unable to find any records of Whitehead's admission or treatment and that counsel felt she had fulfilled her obligations. When defendant moved to strike those claims relating to emotional damages, the district court denied the motion. By December 7, Whitehead had been partially deposed (though apparently not much was accomplished because of further conflicts over the mental health issues), and in order to keep control of the case, which it noted was "getting old," the court set a further status hearing for January 27, 1995.
 
 
 5
 Plaintiff's counsel failed to appear for that status hearing (although by her own admission plaintiff herself was present), and another status was set for March 15. On February 10, however, plaintiff's counsel was granted leave to withdraw. Plaintiff's counsel sent notice to Whitehead that she intended to present her motion to the court on February 10 and, if the motion was granted, Whitehead had to contact the court and provide an address at which to receive papers. Upon her withdrawal counsel also informed the court of Whitehead's address. Whitehead was not in court on February 10, but the court sent notice that it had set a status hearing for February 28 to determine whether she would continue with her case.
 
 
 6
 Whitehead failed to appear at the February 28 status hearing, and the court then dismissed the action for lack of prosecution. It also struck the March 15 status hearing. Soon thereafter, on March 9 Whitehead contacted opposing counsel, informing them that she was still trying to locate new counsel. Sending the letter to the address she directed (the same address Whitehead's former counsel had given the court upon her withdrawal), defendant's counsel informed Whitehead that her case had been dismissed. Whitehead never claimed the certified letter. On July 17, Whitehead sent a similar letter to defendant's counsel, who again notified her that her case had been dismissed.
 
 
 7
 In her first contact with the court since the dismissal, on August 2 Whitehead filed a motion to reinstate her case. She stated that she had no knowledge of the status hearing that took place on March 15 until July 20, when she received counsel's letter.[1] Further, she requested an additional three months to locate replacement counsel. The district court denied the motion the same day.
 
 
 8
 Because the district court did not enter a Rule 58 judgment until March 18, 1996, and Whitehead timely appealed from that judgment, this court has jurisdiction over both the denial of the Rule 60(b) motion[2] and the dismissal of the underlying judgment. Whitehead appeals only the dismissal of the race discrimination claims and the refusal to reinstate her case, not the August 9, 1994, order dismissing her other claims.[3]
 
 STANDARD OF REVIEW
 
 9
 This court reviews for abuse of discretion a district court's dismissal for lack of prosecution. Johnson v. Kamminga, 34 F.3d 466, 468 (7th Cir.1994), cert. denied, 115 S.Ct. 1373 (1995). "Applying this standard, reversal is warranted only if the district court's decision 'strike[s] us as fundamentally wrong,' ... or if 'it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration.' " In re Bluestein, 68 F.3d 1022, 1025 (7th Cir.1995) (citations omitted). Further, the district court's decision to deny Whitehead's Rule 60(b) motion is "discretion piled on discretion," 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir.1987), and is also given a highly deferential review, Reinsurance Co. of America v. Administratia Asigurarilor de Stat, 902 F.2d 1275, 1277 (7th Cir.1990).
 
 ARGUMENT
 I. Underlying Dismissal
 
 10
 Whitehead argues that the district court abused its discretion by dismissing her suit without considering Whitehead's "faithful" prosecution of her case; without warning Whitehead prior to dismissing the case; and without first considering less extreme sanctions.
 
 
 11
 Although we have acknowledged that district courts should give pro se plaintiffs explicit warning before dismissing a case, Ball v. City of Chicago, 2 F.3d 752, 755-56 (7th Cir.1993), here the status hearing was specifically for the purpose of ascertaining whether she wished to continue with the case. Despite proper notification,[4] Whitehead failed to attend the status hearing; she also failed to contact the court as directed by her withdrawing counsel or to respond to the notice of dismissal. With the court apparently unable to contact the plaintiff, sending a warning would have been useless.
 
 
 12
 In Carey v. King, 856 F.2d 1439 (9th Cir.1988) (per curiam), the plaintiff's action was dismissed after he failed to follow a local rule requiring him to keep the district court informed of his current address. Like Whitehead, Carey argued that the district court should have considered less drastic sanctions, but the Ninth Circuit noted: "The district court could not contact Carey to threaten him with some lesser sanction. An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." Id. at 1441. Further, the court determined, "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Id. Similarly, Whitehead failed to respond to any communications sent to her, and she failed to contact the court between February and July. Although her pro se status made her deserving of extra care, that status also made it important for her to enable the court and opposing counsel to contact her, as no one else could conduct her litigation. Cf. Casteel v. Pieschek, 3 F.3d 1050, 1055-56 (7th Cir.1993) (abuse of discretion to dismiss incarcerated plaintiff who earlier failed to sign his own pleadings, where he had since been responding to court orders and had not delayed the action).
 
 
 13
 The course of this litigation was not smooth. Whitehead repeatedly states that February 28 was the only status hearing that she missed and that she "vigorously prosecuted" her case, but she neglects to mention the two previous status hearings her counsel missed and the dilatory discovery responses which caused her opponents to file a motion to compel and a motion to strike. Whitehead also fails to address the fact that, upon withdrawing, her former counsel instructed her that she (or new counsel) had to file an appearance within 21 days, an action which she never took. "A court may infer a lack of prosecutorial intent from such factors as the withdrawal of an attorney, the failure to appear at a scheduled hearing, and failure to appear on time." GCIU Employer Retirement Fund v. Chicago Tribune Co., 8 F.3d 1195, 1199 (7th Cir.1993). This court has held that a single missed status hearing does not support dismissal of an action, Del Carmen v. Emerson Elec. Co., 908 F.2d 158, 163 (7th Cir.1990); Schilling v. Walworth County Park and Planning Comm'n, 805 F.2d 272, 276 (7th Cir.1986), but also has affirmed dismissal where a single nonappearance was combined with failure to cooperate in discovery, Lockhart v. Sullivan, 925 F.2d 214, 218 (7th Cir.1991); see also Halas v. Consumer Serv., Inc., 16 F.3d 161, 165 (7th Cir.1994) (dismissal appropriate where plaintiff failed to obey direct order of district court to attend deposition after causing series of delays).
 
 
 14
 Finally, Whitehead argues that dismissal should have been disfavored because her case was relatively young, and that the district court should first have considered less drastic sanctions. The case was approximately twenty-four months old when dismissed. Even considering that this action was stayed for nearly a year, this court has previously affirmed the dismissal of younger cases. Halas, 16 F.3d at 165 n. 5 (cases less than twelve months old considered worthy of dismissal); 3 Penny, 812 F.2d at 340 (court must decide each case on its own facts); cf. Schilling, 805 F.2d at 276 (surveying relatively young cases in which dismissal was an abuse of discretion). Additionally, this court has repeatedly held that, while the district court is encouraged to first employ less drastic sanctions, it is not required to do so. Bluestein, 68 F.3d at 1026; Ball, 2 F.3d at 756, 758.
 
 B. Denial of Rule 60(b) Motion
 
 15
 Relief under Rule 60(b) is an "extraordinary remedy," and is granted only in exceptional circumstances. Dickerson v. Board of Education, 32 F.3d 1114, 1116 (7th Cir.1994). An appellant must show "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Daniels v. Brennan, 887 F.2d 783, 790 (7th Cir.1989) (citations omitted).
 
 
 16
 Here, Whitehead failed to explain why she had not been in contact with the court between February and July and why she was not aware of court orders and filings, such as the notice of dismissal, which were mailed. She also asked for additional time to secure new counsel. A failure to cure a default is a good reason for the district court to refuse to reinstate a case. Dickerson, 32 F.3d at 1117; Daniels, 887 F.2d at 790. Even a pro se litigant should be held responsible for her own gross negligence. See Otis v. City of Chicago, 29 F.3d 1159 (7th Cir.1994). The district court did not abuse its discretion in refusing to reinstate the case.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Presumably Whitehead refers to the February 28 hearing at which the district court dismissed her case, since she admits being in court on January 27 when the court set the March 15 date. Apparently she did not attend the March 15 hearing either, which, in any event, the court had canceled on February 28
 
 
 [2]
 Whitehead's pro se motion was not specifically brought under Rule 60(b), but the motion fits that rule's parameters
 
 
 [3]
 Although Whitehead's notice of appeal states that she is appealing the dismissal of those other claims, her appellate brief contains no argument on this issue and thus it is waived
 
 
 [4]
 Whitehead argues that she had no knowledge of the February 28 hearing. The court mailed notice to the parties; presumably, since Whitehead's counsel gave the court Whitehead's address upon her withdrawal (the same address Whitehead used several months later), the court sent notification to that address