[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10632
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-01782-AT

NORMA E. BUTLER-STERN,
JAMES DAVIS, JR.,

Plaintiffs-Appellants,

versus

JAY MEMMOTT,
CEO,
SETERUS INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 27, 2018)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Norma Butler-Stern and James Davis, Jr., both proceeding pro se, appeal the district court's dismissal of their case with prejudice for failure to comply with the magistrate judge's order to file an amended complaint that met the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

## I.

In January 2008 Butler-Stern got a $155,000 loan from JPMorgan Chase Bank. To get that loan, she signed a promissory note and executed a security deed giving the bank a mortgage on her property in DeKalb County, Georgia. In August 2016 Fannie Mae acquired the note and mortgage through a mortgage assignment, which entitled it to hire a loan servicing company to sell Butler-Stern's property through a foreclosure sale if she failed to make her loan payments. Fannie Mae alleged that Butler-Stern failed to make her payments, so it had Seterus, Inc., a loan servicing company, initiate foreclosure proceedings.

In April 2017 Butler-Stern responded by filing this suit against Seterus and its CEO, Jay Memmott, in Georgia state court seeking $1,000,000 in damages.[1] The complaint alleges that Seterus violated the Fair Debt Collection Practices Act and ten federal criminal statutes. Seterus removed the case to federal court and moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

---

[1] Both Butler-Stern and Davis brought this suit against Seterus and Memmott, though for ease of reference we will collectively refer to Butler-Stern and Davis as Butler-Stern, and Seterus and Memmott as Seterus.

2

The magistrate judge issued a report and recommendation concluding that Seterus' motion should be granted because Butler-Stern's complaint was "mostly devoid of factual allegations specific to [her] situation and instead includes vague, nonsensical facts which in most cases, are more akin to legal conclusions."  But in light of Butler-Stern's pro se status, the magistrate judge gave Butler-Stern 14 days to file an amended complaint and ordered the following:

> The Amended Complaint must (1) address the shortcomings noted herein; (2) comply with the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure; (3) include a factual background section setting forth specific factual allegations in support of Plaintiffs' claims which directly pertain to Plaintiffs' case; (4) identify by reference which specific factual allegations and acts by the Defendants support each cause of action within each count of Plaintiffs' Complaint; (5) clearly specify which Defendant is responsible for the alleged unlawful acts referenced within the Complaint;(6) clearly indicate which Defendant against whom Plaintiffs are bringing each cause of action and fully identify each Defendant's role with regard to Plaintiffs' loan, security deed, and any alleged cause of action; (7) when a pronoun or any other reference is used to refer to an entity discussed within the Complaint, clearly identify the entity to which the pronoun is referring as well as their role with regard to Plaintiffs' loan, security deed, and any alleged cause of action; and (8) exclude all generalized discussions of the mortgage industry, immaterial allegations, and discussion of cases or factual scenarios other than the facts specific to Plaintiffs' own loan, security deed, and foreclosure. **Plaintiffs' failure to timely file their repleaded Complaint and cure the aforementioned deficiencies will result in this Court's recommendation that their case be dismissed with prejudice.**

3

Butler-Stern did not object to the magistrate judge's report and recommendation despite the magistrate judge's warning that she needed to do so within 14 days or else "waive[ ] the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." And while Butler-Stern did file an amended complaint, it was nearly identical to its predecessor. So the district court adopted the magistrate judge's report and recommendation and dismissed Butler-Stern's case with prejudice, finding that the amended complaint did "not meet the requirements laid out by the Magistrate Judge." This is Butler-Stern's appeal.

## II.

We review for abuse of discretion a district court's decision to dismiss a case with prejudice for failure to obey a court order. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). But we will not review that decision if the appellant, whether proceeding pro se or not, fails to challenge it on appeal. Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994). That is, "[w]hen an appellant fails to challenge properly on appeal . . . the ground[ ] on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014). That rule applies here.

4

In her brief, which we liberally construe, Butler-Stern does not contend that the district court erred by dismissing her case with prejudice for failing to comply with the magistrate judge's order.  She instead contends that the district court:  (1) violated her Seventh Amendment right to a jury trial because "it is stated in the complaint to have a jury trial only"; (2) was biased against her because she is not an "[a]ttorney[ ] with the Georgia BAR"; and (3) violated "the oath of office" and "the U.S. Constitution."  Appellants' Brief at 2.

Butler-Stern's brief does not mention any issue involving the district court's dismissal of her case, or the ground that it relied on in doing so — her failure to comply with the magistrate judge's order.  As a result, she has abandoned any claim that the district court abused its discretion by dismissing her case with prejudice.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned.") (citations omitted); Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("Any issue that an appellant wants [us] to address should be specifically and clearly identified in the brief. . . . Otherwise, the issue — even if properly preserved at trial — will be considered abandoned.").[2]

---

[2] Even if Butler-Stern's brief stated that the district court abused its discretion by dismissing her case, we generally do "not review a magistrate judge's findings or recommendations" where, as here, "a party fail[s] to object to those recommendations below"

5

And none of the three contentions that Butler-Stern raises in her brief have merit. The district court did not violate her Seventh Amendment right to a jury trial because that right is not violated by a proper dismissal for failure to comply with a court order. Cf. 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir. 1987) ("When a court exercises this power within the bounds of its discretion, as the court did here, there is no constitutional violation."). It was not biased against her for proceeding pro se — the district court impartially reviewed her amended complaint, which the magistrate judge allowed her to file because she is proceeding without counsel. And it did not violate its oath of office or the Constitution.

**AFFIRMED.**

---

after the judge informs the party of the time period for objecting and the consequences for failing to do so. Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1257 (11th Cir. 2017) (citing 11th Cir. R. 3–1); see also 11th Cir. R. 3–1 ("A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation . . . waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.").